565 So.2d 880 (1990)
STATE of Florida, Petitioner,
v.
Michael David BOARD, Respondent.
No. 90-994.
District Court of Appeal of Florida, Fifth District.
August 16, 1990.
Norman R. Wolfinger, State Atty., Titusville, for petitioner.
Eric S. Scrudders, Merritt Island, for respondent.
*881 COBB, Judge.
When the state notified defendant Michael David Board that it was revoking his pretrial intervention agreement, the defendant filed a motion seeking specific performance of the agreement. The trial court granted that motion and ordered the state to reinstate the defendant's pretrial intervention status, holding that the state must first file a motion with the trial court seeking revocation of the agreement and present evidence to the court establishing that the defendant had breached the agreement. The state filed a petition for writ of certiorari, claiming that the trial court's order departs from the essential requirements of law. We agree with the state and grant the petition.
The pretrial intervention program is a creation of the legislature. Under the statutory scheme, once a defendant is admitted to pretrial intervention, the decision to resume prosecution of the charges against the defendant lies solely with the state. § 944.025(4), (5), Fla. Stat. (1989). Both the statute and the specific pretrial intervention agreement executed by the parties in this case allow the state attorney to reinstate prosecution where the public interest dictates such action.
In Cleveland v. State, 417 So.2d 653 (Fla. 1982), the Florida Supreme Court emphasized that pretrial intervention is an alternative to prosecution and thus the decision to admit a defendant to pretrial intervention must remain in the prosecutor's discretion. The supreme court in Cleveland specifically noted that the state attorney has discretion to reinstate prosecution, which is consistent with the view that the pretrial diversion decision is a prosecutorial function. In addition, the court pointed out that the legislature did not provide for any type of judicial review when creating the pretrial intervention program. See also State v. Green, 527 So.2d 941, 942 (Fla. 2d DCA 1988) (decisions concerning pretrial diversion programs are purely prosecutorial and are not subject to judicial review).
Since the statute creating the pretrial intervention program places no limitations on the state's discretion to reinstate prosecution after pretrial intervention has been approved, the trial court departed from the essential requirements of law when it held that the state was required to reinstate the defendant's pretrial intervention pending a judicial review of the decision to revoke the agreement. A court can no more compel the state to reinstate a defendant's pretrial intervention status than it can compel the state to place the defendant on pretrial intervention in the first place. Accordingly, the petition for writ of certiorari is granted and the trial court's order directing the state to reinstate the defendant's pretrial intervention agreement is quashed. Whether the defendant may be entitled to dismissal of the prosecution based on the state's action is a question which is not properly before the court at this time.
PETITION GRANTED; ORDER QUASHED.
DANIEL, C.J., and HARRIS, J., concur.