647 So.2d 995 (1994)
STATE of Florida, Appellant,
v.
Todd RUBEL, Appellee.
No. 93-00773.
District Court of Appeal of Florida, Second District.
December 16, 1994.
*996 Robert A. Butterworth, Atty. Gen., Tallahassee, and Johnny T. Salgado, Asst. Atty. Gen., Tampa, for appellant.
No appearance for appellee.
FRANK, Chief Judge.
Todd Rubel and the state executed a deferred prosecution agreement contemplating his entry into a pretrial intervention program. The agreement provided that if Rubel met its terms, the charges would be dismissed. Rubel was removed from the program as a result of his failure to satisfy a worthless check and to make certain payments prescribed in the agreement.
This proceeding implicates the purpose and application of section 948.08(4), Florida Statutes (1991), which provides that the:
Resumption of pending criminal proceedings shall be undertaken at any time if the program administrator or state attorney finds such individual is not fulfilling his obligations under this plan or if the public interest so requires.
In spite of the state's objection, the trial court, without explaining an acceptable reason for its behavior, granted Rubel's oral motion to dismiss. Here, as occurred in State v. Turner, 636 So.2d 815, 816-17 (Fla. 3d DCA 1994), the trial court's action
represents an unjustified judicial interference with the prosecutorial function which is not only unwarranted as a general proposition, but is ... in direct contradiction with the explicit statutory admonition that, whenever a defendant has entered and completed a pretrial intervention program, "[t]he state attorney shall make the final determination as to whether the prosecution shall continue."
See § 948.08(5), Fla. Stat. (1991).
Accordingly, we reverse and remand this matter for further proceedings consistent with this opinion.
CAMPBELL and BLUE, JJ., concur.