652 So.2d 1265 (1995)
STATE of Florida, Petitioner,
v.
Kathleen GULLETT, Respondent.
No. 95-0022.
District Court of Appeal of Florida, Fourth District.
April 12, 1995.
Bruce H. Colton, State Atty., and Howard Lidsky, Asst. State Atty., Stuart, for petitioner.
Robert J. Watson of Frierson & Watson, Stuart, for respondent.
PER CURIAM.
The State of Florida's petition for writ of prohibition or certiorari is denied. The state concedes that respondent meets the statutory criteria for the pretrial substance abuse education and treatment intervention program as provided in section 948.08(6)(a), Florida Statutes (1993). That section excepts otherwise qualified defendants from admission only upon a showing by the state that the defendant was involved in the dealing or selling of controlled substances. § 948.08(6)(a), Fla. Stat. The state failed to establish that the exception applied in the instant case.
We reject the state's argument that we should declare section 948.08(6)(a)-(c) to be an unconstitutional interference with the state attorney's obligation and right to prosecute violations of Chapter 893 of the Florida Statutes. Appellant's reliance on Cleveland v. State, 417 So.2d 653 (Fla. 1982), is misplaced. The supreme court in Cleveland considered *1266 whether a trial court may review a state attorney's decision to allow admission into a pretrial intervention program and held that the "pretrial diversion decision of the state attorney is prosecutorial in nature and, thus, is not subject to judicial review." Id. at 654. However, the Cleveland opinion involved the general pretrial intervention program set forth in section 948.08(2) (previously codified at § 944.025, Fla. Stat. (1979)). Cleveland does not control the instant case because the state attorney sub judice makes no "pretrial diversion decision" for the trial court to review.
The statute proscribing the requirements for the general pretrial intervention program explicitly conditions eligibility on the state's consent and provides that the state must ultimately determine whether to dismiss the charges or continue prosecution. See § 948.08(2) and (5). In contrast, section 948.08(6) concerning the drug pretrial intervention program does not make the state's consent a prerequisite to eligibility and mandates that the trial court determine whether to order further treatment, dismiss the charges, or continue prosecution.
PROHIBITION and CERTIORARI denied.
DELL, C.J., and GLICKSTEIN and FARMER, JJ., concur.