746 So.2d 1217 (1999)
Brad KING, State Attorney, etc., Petitioner,
v.
Ashby Lynn NELSON, et al., Respondents.
No. 99-2628.
District Court of Appeal of Florida, Fifth District.
December 17, 1999.
Willard Pope, Assistant State Attorney Inverness, for Petitioner.
No Appearance for Respondent.
W. SHARP, J.
The state attorney for the Fifth Judicial Circuit petitions this court to issue writs of mandamus or prohibition to halt the trial court from allowing pretrial intervention in four cases.[1] We elect to treat this pleading as a petition for writ of certiorari and we grant the writ.
All four respondents, Ashby Nelson, Timothy P. Hopper, Amy Wells and Jeffrey W. Davis are represented by the public defender's office. In their criminal cases below, the public defender filed a motion to allow each defendant entry into the pretrial intervention program, pursuant to section 948.08(6)(a), Florida Statutes (1999). According to the motions, each defendant qualified for pretrial intervention pursuant to that statute. The trial court ruled that each of the four defendants be allowed into the pretrial intervention program. The statute provides:
(6)(a) Notwithstanding any provision of this section, a person who is charged with a felony of the second or third degree for purchase or possession of a controlled substance under chapter 893, *1218 and who has not previously been convicted of a felony nor been admitted to a pretrial program referred to in this section, is eligible for admission into a pretrial substance abuse education and treatment intervention program approved by the chief judge of the circuit, for a period of not less than 1 year in duration, upon motion of either party or the court's own motion, except:
1. If a defendant was previously offered admission to a pretrial substance abuse education and treatment intervention program at any time prior to trial and the defendant rejected that offer on the record, then the court or the state attorney may deny the defendant's admission to such a program.
2. If the state attorney believes that the facts and circumstances of the case suggest the defendant's involvement in the dealing and selling of controlled substances, the court shall hold a preadmission hearing. If the state attorney establishes, by a preponderance of the evidence at such hearing, that the defendant was involved in the dealing or selling of controlled substances, the court shall deny the defendants admission into a pretrial intervention program.
(b) At the end of the pretrial intervention period, the court shall consider the recommendation of the administrator pursuant to subsection (5) and the recommendation of the state attorney as to disposition of the pending charges. The court shall determine, by written finding, whether the defendant has successfully completed the pretrial intervention program.
(c)1. If the court finds that the defendant has not successfully completed the pretrial intervention program, the court may order the person to continue in education and treatment or order that the charges revert to normal channels for prosecution.
2. The court shall dismiss the charges upon a finding that the defendant has successfully completed the pretrial intervention program.
The State Attorney takes the position that determination of persons to be placed in the program is solely within the discretion of the prosecutor, and the court plays no part in this determination. However, it is apparent from the language of the statute quoted above that the decision to place defendants in the drug pretrial intervention program does not rest solely with the prosecutor. As State v. Gullett, 652 So.2d 1265 (Fla. 4th DCA), rev. denied, 663 So.2d 631 (Fla.1995) explained, the statute "does not make the state's consent a prerequisite to eligibility and mandates that the trial court determine whether to order further treatment, dismiss the charges or continue prosecution" (emphasis in original). If the defendant meets the requirements of section 6(a), he or she may be admitted to the program upon the motion of the party or the court, with exceptions spelled out in subsections 1. and 2., which are apparently not applicable to these cases.
Gullett distinguished the drug pretrial intervention program of section 948.08(6)(a) and (b) from the general pretrial intervention program, which "explicitly conditions eligibility on the state's consent and provides that the state must ultimately determine whether to dismiss the charges or continue prosecution." See § 948.08(2) and (5), Fla. Stat. Compare Cleveland v. State, 417 So.2d 653 (Fla. 1982) (with regard to the general pretrial intervention program of section 948.08(2), the decision of the state attorney is prosecutorial in nature and not subject to judicial review).
The difficulty in this case is that pursuant to section 948.08(6)(a), as a prerequisite there must be in place a "pretrial substance abuse education and treatment intervention program approved by the chief judge of the circuit," in order for persons to be admitted to it. And, at the time these four defendants were placed *1219 into the program by the trial judge, apparently no such program had yet been approved by the chief judge of the Fifth Judicial Circuit. Thus the trial judge acted prematurely in these four cases.
Accordingly, we treat the State Attorney's Consolidated Petitions for Writ of Mandamus or Prohibition as a Petition for Writ of Certiorari, and grant the consolidated petitions.
Petition for Writ of Certiorari GRANTED; Orders QUASHED; REMANDED for further proceedings.
ANTOON, C.J., and COBB, J., concur.
NOTES
[1] State v. Ashby Lynn Nelson, 99-859-CF; State v. Amy Wells, Case No. 99-331-CF; State v. Timothy P. Hopper, Case No. 99-465-CF; State v. Jeffrey W. Davis, Case No. 99-532-CF.