951 So.2d 1008 (2007)
Daniel BATISTA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4315.
District Court of Appeal of Florida, Fourth District.
March 21, 2007.
Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
The issue on appeal is whether the trial court erred in denying a motion for an evidentiary hearing following the state's unilateral termination of Batista's pre-trial intervention (PTI). We affirm.
After Batista was charged, he entered into a deferred prosecution agreement placing him in a PTI program. The terms of the agreement allowed the state attorney, *1009 during the period of deferred prosecution, to revoke or modify the conditions of Batista's deferred prosecution by:
(1) Changing the period of deferred prosecution.
(2) Prosecuting him for this offense if he violated any of these conditions.
(3) Voiding this agreement should it be determined that he had a prior record of adult criminal felony convictions.
The agreement required Batista to submit to random drug testing, maintain his employment, pay his supervision costs, refrain from possessing or carrying weapons, and avoiding drugs and ingesting intoxicants in excess. If Batista complied with all conditions, no criminal prosecution would be instituted for the charged offense. Upon signing the agreement, Batista admitted guilt.
The state's motivation for revoking Batista's participation in the PTI program is not disclosed in the record.
Batista sought a "full" evidentiary hearing to require the state to prove that he had "willfully and materially" violated PTI. Batista claimed a right to such a hearing based on principles of due process, the applicable Florida Statute providing for PTI, and principles of contract law. Batista also negotiated a plea with the state, and at the plea hearing, the following exchange occurred:
[DEFENSE COUNSEL]: Now, this was a violation of PTI.[1] Our office just filed a motion for evidentiary hearing on the violation; we also have a resolution of the case, but I would like to ask that the motion be heard by the court to see if he willfully and substantially violated this PTI.
THE COURT: . . . I don't do these here. . . .
* * *
THE COURT: . . . [Recognized that another judge] granted evidentiary hearings to force the State to prove their basis for a PTI violation.
[DEFENSE COUNSEL] Yes, sir.
THE COURT: I, in fact, do not believe that you're entitled to one.
Following rejection of his motion, Batista accepted the plea agreement, adding that he would like to reserve the right to appeal the denial of his motion, to which the trial court responded, "okay."
We recognize that denial of a hearing on a matter concerning termination of pre-trial intervention is not a dispositive order and, thus, not appealable under Florida Rule of Appellate Procedure 9.140(b)(2)(A)(i).
As this court recognized in Pena v. State, 913 So.2d 1203, 1204 (Fla. 4th DCA 2005),
In this context, an "issue is legally dispositive `only if, regardless of whether the appellate court affirms or reverses the lower court's decision, there will be no trial of the case.'" Levine v. State, 788 So.2d 379, 380 (Fla. 4th DCA 2001) (quoting Zambuto v. State, 731 So.2d 46, 46 (Fla. 4th DCA 1999)).
[T]he denial of the motion to participate in Drug Court is not a legally dispositive order to the extent necessary to confer jurisdiction in this court. Even if this court reversed and remanded for the court to grant Pena's entry into the program, a trial may still yet be necessary if, for some reason, Pena opts out of the program and re-enters the regular *1010 criminal justice system. See generally Mullin v. Jenne, 890 So.2d 543 (Fla. 4th DCA 2005). There is no great expectation or guarantee that reversal would absolutely foreclose the possibility of a future trial on this specific charge.
Here, it cannot be said that reversal would result in dismissal of the charges or require a conclusion that the state could not prevail at trial. Rather, the sole result would be a hearing at which the state might well demonstrate, by whatever standard is deemed applicable, that there was a reason for its revocation. There is nothing in this record, or even a claim, to the contrary. We also note that this is not a case in which the state and court agree that the issue is dispositive.
Nevertheless, as the trial court authorized the reservation of the right to appeal, and, as we noted in Pena, since courts may not be in agreement as to the jurisdiction issue, and as it may be reviewable by petition, we address the merits.
PTI programs are a creation of the legislature. State v. Board, 565 So.2d 880, 881 (Fla. 5th DCA 1990). Section 948.08, Florida Statutes, allows certain first offenders or persons convicted of not more than one non-violent misdemeanor or third-degree felony to be placed in PTI. There are two types of diversionary programs; the first excludes drug and prostitution crimes, and the second concerns those charged with drug, prostitution and other related offenses. Batista was entered into the first type of PTI program, notwithstanding that one of his charges was drug possession.
The Florida statute clearly grants the state attorney the right to make a final determination as to whether the prosecution will continue. § 948.08(5)(c), Fla. Stat. (2004). We reject Batista's due process claims, which rely primarily on out-of-state opinions, most of which arise under other circumstances, such as those involving violations of probation or parole, or rely on the specific wording of PTI statutes different from that found in Florida's.
The Florida Supreme Court has recognized that a decision regarding admission to a PTI program is at the sole discretion of the state, is a prosecutorial function, and is non-reviewable. Cleveland v. State, 417 So.2d 653, 653 (Fla.1982). In Virgo v. State, 675 So.2d 994 (Fla. 3d DCA 1996), the Third District held that termination from such a program is also non-reviewable.
In State v. Rubel, 647 So.2d 995 (Fla. 2d DCA 1994), the Second District reversed a trial court's dismissal of charges against a defendant after his termination from a PTI program. There, however, Rubel knew why the state terminated his participation in the program.
In Board, the Fifth District held that the trial court's grant of specific performance resulting in reinstatement of a defendant to pre-trial intervention status was outside its authority. 565 So.2d at 881. There, the court recognized that the statute, section 948.08, explicitly recognizes the state's right to determine whether to resume prosecution of the charges against a defendant.
Batista argues that the state attorney has waived its right to unfettered discretion by agreeing to the PTI terms. It is undisputed that "[a] plea agreement is a contract and the rules of contract law are applicable to plea agreements." Garcia v. State, 722 So.2d 905, 907 (Fla. 3d DCA 1998). Likewise, a "PTI agreement is in the nature of a contract." State v. Dempsey, 916 So.2d 856, 859 (Fla. 2d DCA 2005). See also U.S. v. Hicks, 693 F.2d 32, 33 (5th Cir.1982).
We have recognized, with regard to enforcing plea agreements, "[w]hen a plea rests in any significant degree on a promise *1011 or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Spencer v. State, 623 So.2d 1211, 1213 (Fla. 4th DCA 1993)(citing Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)); see also State v. Vixamar, 687 So.2d 300 (Fla. 4th DCA 1997).
Here, although the state says Batista breached the PTI terms, the nature of the breach does not appear in the record. However, we note that at no time, either before the trial court or this court, has Batista asserted that he did not breach PTI terms.
We can discern no basis in the statutory scheme, or in the PTI agreement, to require that every time the state elects to terminate PTI and resume prosecution, the state has the burden of proof to prove, in an evidentiary hearing, that its reasons for electing to terminate PTI are valid.[2]
Rather, the statute explicitly recognizes the state's discretion and, unlike in drug PTI, judicial involvement in the decision to admit or to terminate is patently not contemplated by the statute.
We also cannot ignore the state's argument that forcing the state to prove that the defendant committed a willful, material, and substantial breach at an evidentiary hearing, would all but certainly discourage prosecutors from offering PTI to otherwise eligible offenders. This in turn would no doubt burden an already overloaded criminal docket.
We also note that a trial court may have authority, to insure fundamental fairness, to require the state to explain its decision to terminate PTI where a defendant states, under oath, that there has been no violation of PTI terms. However, we do not reach that issue, as it is not before us.
We certify conflict with State v. Gorayeb, 510 So.2d 1168 (Fla. 3d DCA 1987) (reversing for hearing to determine whether the defendant breached PTI).
Therefore, the judgment and sentence are affirmed.
SHAHOOD and HAZOURI, JJ., concur.
NOTES
[1] Other than this statement, the record is silent as to why Batista's PTI agreement was terminated.
[2] Were there such a requirement, also missing is an indication of what standard to apply: beyond doubt, preponderance, satisfy conscience of court, a scintilla, clear and convincing. Given the clear degree of discretion involved, it would seem that any reason would be sufficient. See Hicks, 693 F.2d at 34.