KLEIN, J.
After J.M. was arrested for theft, the state agreed she could enter a pretrial intervention program, but a dispute subsequently arose as to whether J.M. had completed the program, and the state refused to drop the charges. J.M. moved to dismiss on the ground that she had successfully completed the program, and after an evidentiary hearing, in which there was a conflict as to performance of the conditions, the trial court granted her motion. The state appeals, arguing that the trial court did not have the statutory authority to dismiss the charges over the objection of the state. We agree and reverse.
It appears that the trial court may have failed to grasp the distinction between section 948.08(1-5), Florida Statutes (2006), which authorizes pretrial intervention in general, and section 948.08(6), which specifically covers, and is limited to, pretrial substance abuse intervention. The intervention program applicable here, which does not involve substance abuse, provides in section 948.08(5):
At the end of the intervention period, the administrator shall recommend:
(a) That the case revert to normal channels for prosecution in instances in which the offender’s participation in the program has been unsatisfactory;
(b) That the offender is in need of further supervision; or
(c) That dismissal of charges without prejudice shall be entered in instances in which prosecution is not deemed necessary.
The state attorney shall make the final determination as to whether the prosecution shall continue.
Section 948.08(6), which is limited to pretrial intervention for substance abuse, does not contain the emphasized provision leaving final determination as to prosecution up to the state. On the contrary, it provides that if the court finds that the defendant has successfully completed the program it shall dismiss the charges. We have previously recognized this distinction in State v. Gullett, 652 So.2d 1265 (Fla. 4th DCA 1995). We accordingly reverse.
WARNER and HAZOURI, JJ., concur.