979 So.2d 292 (2008)
STATE of Florida, Petitioner,
v.
Jeffrey LEUKEL, Respondent.
No. 5D07-2031.
District Court of Appeal of Florida, Fifth District.
February 29, 2008.
Rehearing Denied April 11, 2008.
*293 Lawson Lamar, State Attorney, Ninth Judicial Circuit and Brad Fisher, Designated Assistant State Attorney, Orlando, for Petitioner.
Chandler R. Muller, of Law Offices of Muller, et al., Winter Park, for Respondent.
THOMPSON, E., Senior Judge.
The State of Florida seeks certiorari review of a circuit court order that authorizes Jeffrey Leukel's entry into a pretrial intervention drug court program. The State objects to the court-ordered diversion into the drug court program and asserts that section 948.08(6)(a), Florida Statutes (2007), does not apply to respondent Leukel because he is not charged with committing one of the enumerated offenses therein.
On 3 April 2006, Leukel was arrested in Seminole County for driving after his license was permanently revoked, a third-degree felony. See § 322.341, Fla. Stat. (2007). Because Leukel was an assistant public defender in the Eighteenth Judicial Circuit, on 2 May 2006, the Governor of the State of Florida assigned the State Attorney for the Ninth Judicial Circuit as prosecutor for the case. On 1 June 2006, the State filed a two-count information alleging that Leukel violated section 322.341 by driving while his license was permanently revoked, and section 322.34(2)(b) by driving while his license was revoked as a subsequent offender.
On 27 March 2007, Leukel filed a motion to be allowed into a pretrial drug court program pursuant to section 948.08(6)(a). The State objected to Leukel's entry into that program as he had not been charged with an offense eligible for drug court pursuant to the plain language of section 948.08(6)(a).
On 30 May 2007, the trial court heard Leukel's motion. At the hearing, the arresting officer testified that Leukel was not intoxicated at the time of arrest. A psychologist testified that Leukel had been sober since 2003. However, the psychologist testified that Leukel's decision to drive without a license was the result of an emotional relapse related to his alcoholism. In an order dated 1 June 2007, the trial court found that the list of offenses eligible for a drug court program found in section 948.08(6)(a) was not exclusive. The court therefore authorized Leukel to enter the drug court program established in Seminole County.
Section 948.08(2) provides that any first offender or any person previously convicted of not more than one nonviolent misdemeanor, who is charged with any misdemeanor *294 or felony of the third-degree, is eligible for release to a pretrial intervention program on the approval of the administrator of the program and the consent of the victim, the state attorney, and the judge who presided at the initial appearance hearing. See also State v. Board, 565 So.2d 880 (Fla. 5th DCA 1990). On the other hand, section 948.08(6)(a) allows defendants charged with certain crimes to be placed in a substance abuse education and treatment program, including a drug court program, without the consent of the state attorney. The subsection reads as follows:
(6)(a) Notwithstanding any provision of this section, a person who is charged with a felony of the second or third degree for purchase or possession of a controlled substance under chapter 893, prostitution, tampering with evidence, solicitation for purchase of a controlled substance, or obtaining a prescription by fraud; who has not been charged with a crime involving violence, including, but not limited to, murder, sexual battery, robbery, carjacking, home-invasion robbery, or any other crime involving violence; and who has not previously been convicted of a felony nor been admitted to a felony pretrial program referred to in this section is eligible for voluntary admission into a pretrial substance abuse education and treatment intervention program, including a treatment-based drug court program established pursuant to s. 397.334, approved by the chief judge of the circuit, for a period of not less than 1 year in duration, upon motion of either party or the court's own motion, except:
1. If a defendant was previously offered admission to a pretrial substance abuse education and treatment intervention program at any time prior to trial and the defendant rejected that offer on the record, then the court or the state attorney may deny the defendant's admission to such a program.
2. If the state attorney believes that the facts and circumstances of the case suggest the defendant's involvement in the dealing and selling of controlled substances, the court shall hold a preadmission hearing. If the state attorney establishes, by a preponderance of the evidence at such hearing, that the defendant was involved in the dealing or selling of controlled substances, the court shall deny the defendant's admission into a pretrial intervention program.
§ 948.08(6)(a).
Leukel was not charged with purchase or possession of a controlled substance under Chapter 893, prostitution, tampering with evidence, solicitation for purchase of a controlled substance, or obtaining a prescription by fraud. Under the plain reading of the statute, only a person who has been charged with one of the enumerated offenses is eligible for voluntary admission into a pretrial substance abuse education and treatment intervention program, including a drug court program, upon motion of either party or the court's own motion. At the end of the pretrial intervention period, if the court determines that a defendant has not successfully completed the drug court program, the court may order further treatment or order that the charges revert to the normal channels for prosecution. After successful completion of a treatment-based drug court program, the charges must be dismissed. See § 948.08(6)(c).
Although Leukel was not charged with committing one of the crimes enumerated in section 948.08(6)(a), the trial court nevertheless admitted him to the drug court program finding that section 948.08(6)(a) must be read in harmony with section *295 397.334(2), Florida Statutes (2007). The court stated that section 397.334(2) would allow any person who has a substance abuse problem to enter the pretrial drug court program, as long as he or she is not involved with drug dealing and had not previously rejected a pretrial substance abuse program.
Unlike section 948.08(6), section 397.334 does not provide for the dismissal of criminal charges upon successful completion of a treatment-based drug court program. Section 397.334 authorizes counties to fund treatment-based drug court programs and emphasizes that participation in such programs shall be voluntary. The statute also adopts the ten key components of drug court, recognized by the U.S. Department of Justice. Section 948.08(6)(a), on the other hand, sets forth the eligibility requirements for admission into a drug court program upon the motion of either party or the court's own motion. It includes by direct reference treatment-based drug court programs established pursuant to section 397.334. Moreover, Administrative Order No. 01-19-S implemented the drug court program in Seminole County so that the substance abuse education and treatment program described in section 948.06(6)(a) could become operational in that county. The administrative order stated that its drug court was established pursuant to section 948.08(6)(a). The administrative order did not add eligible offenses, nor could it have lawfully added eligible offenses. An administrative order cannot amend a statute by adding terms and conditions that were not part of the original legislation. See Hewlett v. State, 661 So.2d 112 (Fla. 4th DCA 1995).
Under the trial court's interpretation of sections 397.334 and 948.08(6)(a), the trial court would have sole discretion in every case to determine whether a defendant should be admitted to a drug court program, as long as he or she did not previously reject an offer for substance abuse treatment and is not a drug dealer. Section 948.08(6)(a) does not support that interpretation. The trial court exceeded its authority under section 948.08(6)(a) and the administrative order in permitting Leukel to enter the drug court program. Under the doctrine of "expressio unius est exclusio alterius" (the mention of one thing excludes another thing not mentioned), the legislature would not have enumerated the offenses in section 948.08(6)(a) if it intended to authorize the trial court to determine whether a defendant charged with any crime should be admitted to a drug court program. When the language of a statute is clear and unambiguous and conveys a definite meaning, there is no reason to resort to rules of statutory interpretation and construction, and the statute must be given its plain and obvious meaning. See Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984), cited in State v. VanBebber, 848 So.2d 1046 (Fla.2003). Section 948.08(6)(a) is clear and definite in its meaning. If section 948.08(6)(a) must be harmonized with section 397.334, section 397.334 is the general statute concerning implementation of drug court programs, while section 948.08(6)(a) is the specific statute concerning the eligibility requirements for entry into drug court programs. A specific statute controls over a general statute. Cf. Jones v. State, 813 So.2d 22 (Fla.2002).
The trial court in this case has encroached on the legislature's power to determine which defendants charged by the state attorney are eligible for drug court, and has also interfered with the state attorney's jurisdiction to prosecute those defendants not eligible for drug court. If a defendant is not eligible for drug court, he or she still may be admitted to a pretrial intervention program, but *296 only with the consent of the prosecutor. As the order under review significantly impairs the State's ability to prosecute, we find that certiorari relief is appropriate. See State v. Pettis, 520 So.2d 250 (Fla. 1988). See also Allstate Insurance Co. v. Kaklamanos, 843 So.2d 885 (Fla.2003) (clearly established law may derive from a variety of sources in addition to controlling case law, such as an interpretation or application of a statute); King v. Nelson, 746 So.2d 1217 (Fla. 5th DCA 1999) (where petition for writ of certiorari was granted to quash a circuit court order which prematurely allowed defendants entry into a drug court program).
PETITION GRANTED.
PALMER, C.J., and TORPY, J., concur.