HAWKES, C.J.,
dissenting.
I respectfully dissent. The majority seems to find two aspects of this case so significant as to trigger a special limitation on the state’s discretion involving pretrial intervention (PTI). First, the majority emphasizes there was a “settlement agreement” in which the state agreed to offer the defendant PTI. Second, the majority emphasizes that through this “settlement agreement,” the criminal ease against Si-mons was inexorably tied to the simultaneous civil proceeding. The crux of the majority’s opinion is that once the state signs a written offer to a criminal defendant that includes PTI, it is irrevocably bound to allow the defendant to enter the PTI program, even if the offer is withdrawn before the defendant’s enrollment. The majority misconstrues the governing statute and the prosecutor’s discretion in regards to PTI.
PTI is a grant of prosecutorial grace as it serves as an alternative to criminal prosecution. See Cleveland v. State, 417 So.2d 653, 654 (Fla.1982); S.K. v. State, 881 So.2d 1209, 1212 (Fla. 5th DCA 2004). It is governed by section 948.08, Florida Statutes (2007), which gives the state complete discretion to administer the program. Whenever it is offered — and indeed it must always be offered before it can be accepted — the State is giving the defendant an opportunity to resolve the case without a criminal conviction. Thus, every case resolved through PTI has an offer and an acceptance, and therefore involves a “settlement agreement,” regardless of whether the offer or acceptance is reduced to writing. The majority’s insistence that this case is different because the offer was called a “settlement agreement,” therefore resulting in special limitations on the state, is contrary to the statute. Written offers, whether named “settlement agreements,” “offers,” or anything else, that involve PTI are all subject to the same statutory rules. The nomenclature chosen by the parties does not amend the statute or deprive the state of its prosecutorial discretion.
The question thus becomes whether the state had the statutory authority under section 948.08 to withdraw its offer.[1] Sec *738 tion 948.08 grants the state broad discretion to withdraw an offer of PTI under almost any circumstances, especially in a case such as this one. The majority’s decision to strip the state of that discretion is flawed. There are three reasons why.
First, the majority emphasizes that the state cannot withdraw its offer because the defendant had partially performed under the settlement agreement. The majority finds partial performance because the defendant offered to pay the $4,500 in restitution he owed to the victim. There are two problems with this premise.
Problem one is that any offer of payment made by the defendant was premature. The majority seeks to bind the state to the settlement agreement, but they do not choose to hold the defendant to the same strict compliance. The pertinent portion of the settlement agreement would have required the defendant to pay “$4,500 restitution to Martelli Enterprises ... at a rate established by PTI.” (emphasis added). In other words, the settlement agreement or offer stated that restitution would not be paid until after the defendant successfully enrolled in PTI. How the restitution payments were to be made during PTI would be incorporated into the PTI agreement. The defendant never enrolled in PTI. Therefore, his offer of the restitution check was not “partial performance.” The majority is using the defendant’s premature, unilateral actions to bind the state outside the terms of the agreement.
Problem two with the majority’s premise that partial performance triggers immutable rights for the defendant is that no performance ever occurred. Although the defendant offered to pay restitution by tendering the restitution check, the victim chose not to cash the check and allowed it to expire. Because the check was never cashed, restitution was never paid. Since restitution was never paid, there cannot be partial performance.
Second, the majority justifies its decision to deprive the state of discretion by arguing that, in the future, the state might take advantage of criminal defendants by offering PTI, getting restitution paid (making victims whole), and then withdrawing the PTI offer. This is absurd. Regardless of whether the defendant pled guilty, was convicted, or actively enrolled in PTI, he still would have been required to reimburse the $4,500 he criminally deprived the victim of. The majority’s concern that the state’s conduct here is akin to “swindling” the defendant is not supported by the record.
Third, and perhaps most important, even assuming the defendant had partially performed under the settlement agreement, and even if the state’s decision to void the agreement by withdrawing the offer was unfair, the state has the statutory authority to withdraw its offer of PTI at any time. Section 948.08(4) permits the state to resume prosecution “at any time[,]” even after PTI has been entered into, if it (the state) finds: (1) “the offender is not fulfilling his or her obligations under the plan” or (2) “public interest so requires.” Under section 948.08(4), the state alone has the discretion to decide if the “public interest” warrants the withdrawal of a PTI offer. See Batista v. State, 951 So.2d 1008, 1009 (Fla. 4th DCA 2007) (finding “the statute explicitly recognizes the [S]tate’s discretion ... to admit *739 or to terminate PTI”); Virgo v. State, 675 So.2d 994 (Fla. 3d DCA 1996) (finding the state has “non-reviewable” discretion to terminate a defendant’s PTI at any time, even after the program has begun); State v. Rubel, 647 So.2d 995, 996 (Fla. 2d DCA 1994) (finding the state’s termination of a defendant’s PTI is a prosecutorial decision to be kept free from judicial interference); State v. Board, 565 So.2d 880, 881 (Fla. 5th DCA 1990) (finding “the statute creating the PTI program places no limitations on the state’s discretion to reinstate prosecution after PTI has been approved”). Each of the other District Courts of Appeal recognize the state’s sole discretion to withdraw PTI offers or to terminate PTI. The statute places no limits on situations where the PTI offer is in writing and restitution is part of the offer. In section 948.08(4), the legislature gave complete discretion to the state attorney and denied the courts any role in PTI decisions.
The majority skirts the authority of section 948.08 — indeed it does not even mention the statute — by arguing general principles of contract law and “fairness.” But statutes trump principles of contract law and “fairness.” When the defendant agreed to the settlement agreement, he agreed to the terms of the statute. To allow the defendant to rewrite the settlement agreement by prematurely offering to pay restitution, and then to allow the defendant’s unilateral act to rewrite section 948.08, is the true unfairness.
For the foregoing reasons, I would reverse.

. I am compelled to point out that this is not a case where the defendant had actually entered or completed PTI only to have the state decide to resume prosecution. The offer of *738 PTI was withdrawn before enrollment and after the defendant engaged in some out-of-state conduct that raised serious concerns for the victim and the state. The timeline is revealing. The defendant had a chance for prosecutorial grace (i.e. PTI), engaged in questionable — perhaps criminal — behavior out-of-state, and as a consequence the PTI offer was withdrawn. All of this is consistent with the statute and prosecutorial discretion.