PER CURIAM.
 

 The State of Florida seeks certiorari review of a circuit court order that authorizes Respondent Ta’Quieta Beyunka Lanae Pugh’s (“Pugh”) placement in a pretrial intervention program. The State objects to Pugh entering the pretrial intervention program without its consent and asserts that section 948.08(6)(a), Florida Statutes (2009), does not apply to Pugh as she was not charged with committing one of the enumerated offenses therein.
 

 
 *344
 
 Pugh was charged with battery on a law enforcement officer, resisting without violence, and providing false identification to law enforcement officers. During a case management hearing held on January 21, 2010, the court, overruling the State’s objection, ordered that Pugh be placed into the pretrial intervention program.
 

 Section 948.08(2) provides that any first-time offender or any person previously convicted of not more than one nonviolent misdemeanor, who is charged with any misdemeanor or felony of the third-degree, is eligible for release to a pretrial intervention program. However, the section requires the consent of the administrator of the program, victim, state attorney, and judge who presided at the initial appearance hearing. Without the State’s consent, the court could only place Pugh in the program if she were charged with one of the offenses enumerated in section 948.08(6)(a), which reads as follows:
 

 (6)(a) Notwithstanding any provision of this section, a person who is charged with a felony of the second or third degree for purchase or possession of a controlled substance under chapter 893, prostitution, tampering with evidence, solicitation for purchase of a controlled substance, or obtaining a prescription by fraud; who has not been charged with a crime involving violence, including, but not limited to, murder, sexual battery, robbery, carjacking, home-invasion robbery, or any other crime involving violence; and who has not previously been convicted of a felony nor been admitted to a felony pretrial program referred to in this section is eligible for voluntary admission into a pretrial substance abuse education and treatment intervention program, including a treatment-based drug court program established pursuant to s. 397.334, approved by the chief judge of the circuit, for a period of not less than 1 year in duration, upon motion of either party or the court’s own motion, except:
 

 1. If a defendant was previously offered admission to a pretrial substance abuse education and treatment intervention program at any time prior to trial and the defendant rejected that offer on the record, then the court or the state attorney may deny the defendant’s admission to such a program.
 

 2. If the state attorney believes that the facts and circumstances of the case suggest the defendant’s involvement in the dealing and selling of controlled substances, the court shall hold a pread-mission hearing. If the state attorney establishes, by a preponderance of the evidence at such hearing, that the defendant was involved in the dealing or selling of controlled substances, the court shall deny the defendant’s admission into a pretrial intervention program.
 

 That is not the case here. Pugh was not charged with purchase or possession of a controlled substance under Chapter 893, prostitution, tampering with evidence, solicitation for purchase of a controlled substance, or obtaining a prescription by fraud. Thus, the trial court exceeded its authority when it placed Pugh in the program despite the State’s objection. Certiorari relief is warranted. See
 
 State v. Leukel,
 
 979 So.2d 292, 296 (Fla. 5th DCA 2008);
 
 King v. Nelson,
 
 746 So.2d 1217 (Fla. 5th DCA 1999).
 

 PETITION GRANTED.
 

 SAWAYA, ORFINGER and LAWSON, JJ., concur.