CIKLIN, J.
Jeremiah Rolle appeals his ten-year prison sentence followed by five years of probation upon his plea of no contest to three felonies. He argues that the trial court erred by failing to enforce the terms of a purported agreement between Rolle and the state as to a sentencing recommendation from the state. Because we find that such an enforceable agreement did not exist in this case, we affirm.
The state charged Rolle and two co-defendants with carjacking with a firearm (count I) and robbery with a firearm (count II). The state also charged Rolle with fleeing or attempting to elude a law enforcement officer at high speed (count III). Rolle entered an open plea of no contest to all three charges. Before entering his plea, Rolle was advised that the minimum penalty was ten years in prison and the maximum penalty was life in prison. The court ordered a presentence investigation report and .scheduled a sentencing hearing approximately one month later.'[1]
• At the beginning of the sentencing hearing, the state informed the court that the state was extending an offer to Rolle in which the state would recommend a (shorter than the minimum) adult sentence of four years in prison followed by six years of probation. The state indicated it would make the recommendation in exchange for Rolle’s “cooperation and truthful testimony” in the case against one of Rolle’s co-defendants. The state then asked the court for a brief recess to give the state “an opportunity to take a sworn statement” from Rolle. The state further noted, “Of course, one of the special conditions would be he’d have to testify truthfully in the [co-defendant’s case] ... I’d like to hear the statement in terms of what [Rolle] is going to say before [the state] negotiate^] anything.”
*916 Rolle’s attorney objected to the state’s proposed offer and argued that the state could not extend an offer only to revoke it if the state “[doesn’t] like what [Rolle] says.” After hearing argument on the issue, the court instructed Rolle’s counsel that his client would have to “decide whether to proceed [with sentencing] or accept the state’s offer.” Rolle chose to proceed with the proffer, and the court then recessed to allow the parties to elicit Rolle’s testimony.
When the sentencing hearing resumed, the state informed the court that it was not satisfied with Rolle’s testimony. Rolle’s lawyer argued that Rolle had “testified truthfully” and the state was bound to the bargain offered to the defendant.
The court found that the state was not obligated to recommend the shorter sentence. The court noted that the state’s proposed agreement was contingent on hearing Rolle’s proffered testimony. The court also found that there was no “meeting of the minds” between the parties regarding the terms of the proposed agreement and that the parties had not unconditionally agreed to a reduced sentence recommendation.
Thereupon, the state sought a sentence of twenty years imprisonment followed by ten years of probation. Rolle’s attorney argued that Rolle should be sentenced as a youthful offender. The court sentenced Rolle to the minimum sentence of ten years in prison, followed by five years of probation.[2]
On appeal, Rolle argues that the state was obligated to recommend the reduced sentence of four years in prison followed by six years of probation. “The standard of review for the legality of a criminal sentence is de novo.” State v. Valera, 75 So.3d 330, 331-32 (Fla. 4th DCA 2011) (citation omitted). The rules of contract law are applicable to agreements between the state and a defendant. See Batista v. State, 951 So.2d 1008, 1010 (Fla. 4th DCA 2007) (citing Garcia v. State, 722 So.2d 905, 907 (Fla. 3d DCA 1998)).
We first note that even assuming that the parties had reached a binding agreement, the court would not have been obligated to impose the lesser sentence in that — even under the most favorable interpretation of the purported agreement — the state was simply required to make a sentencing recommendation.
Nevertheless, the parties never reached a point where the state became contractually obligated to recommend a sentence. Here, the state explicitly informed the court, on the record, that the state “[would] like to hear the statement in terms of what [Rolle] is going to say before [the state] negotiate^] anything.” In this case, there was not a binding agreement because the state conditioned its assent on the proffered testimony.
We approve of the trial court’s ruling and the sentence imposed. There was no binding agreement between the state and Rolle. Even if there had been such an agreement, the court would not have been obligated to follow it because the state-in the best case scenario for Rolle-was only required to recommend a sentence.

Affirmed.

DAMOORGIAN and LEVINE, JJ., concur.

. The parties did not agree to a specific sentence at the time Rolle entered his plea of no contest. Rolle’s attorney indicated to the court that he was going to move for sentencing as a youthful offender, which, if the court chose to sentence Rolle as a youthful offender,. would limit the sentence to six years. See § 958.04, Fla. Stat. (2011). The court cautioned Rolle: "I can’t guarantee I’m going to agree with a [youthful offender sentence]. If everyone is on the same page then it will be fine. That’s what you have to do. Do you understand? Do you want to take the plea and have a presentence investigation?” Rolle indicated that he understood (that the trial judge was not bound by any predetermined sentence) and he entered a plea of no contest.

. The presentence investigation report ("PSI report”) is not included in the record before us. However, the court stated at the sentencing hearing that it was following the recommendation of the PSI report which we therefore must assume was ten years in prison.