ORFINGER, J.
*461 The State of Florida seeks certiorari review of the trial court's order authorizing Edward Scott Frank to enter into a pretrial intervention ("PTI") program. The State objects to Frank's court-ordered placement in the program without its consent and argues that section 948.08(6)(a), Florida Statutes (2018), does not apply to Frank because although he was charged with committing one of the enumerated offenses, he was neither identified as having a substance abuse problem nor admitted to a substance abuse education and treatment program. We agree and quash the order.
Frank was charged with possession of cocaine, possession of drug paraphernalia and petit theft. Frank motioned the trial court for entry into a PTI program pursuant to section 948.08(6)(a). His motion stated that Frank had been evaluated for alcohol and substance abuse, but the examiner determined that no treatment was necessary. Thereafter, without notice to, or consent from, the State, the trial court entered an order granting Frank's motion and placing him in a self-supervised PTI program.
Section 948.08(2), Florida Statutes (2018), provides that PTI is available to "[a]ny first offender ... who is charged with any misdemeanor or felony of the third degree ... on the approval of the administrator of the program and the consent of the victim, the state attorney, and the judge who presided at the initial appearance hearing of the offender." Thus, entry into a PTI program under section 948.08(2) requires the State's consent.
However, section 948.08(6)(a) allows a defendant to be placed into a pretrial substance abuse education and treatment intervention program without the State's consent when the defendant
is charged with a nonviolent felony and is identified as having a substance abuse problem or is charged with a felony of the second or third degree for purchase or possession of a controlled substance under chapter 893, ... has not been charged with a crime involving violence ... and ... has not previously been convicted of a felony....
§ 948.08(6)(a), Fla. Stat. (2018) ; see King v. Nelson, 746 So.2d 1217, 1218 (Fla. 5th DCA 1999) (holding that if defendant meets requirements under section 948.08(6)(a), he or she may be admitted to pretrial substance abuse and treatment intervention program upon motion of party or court). Entry into a PTI program pursuant to section 948.08(6)(a) requires participation in a substance abuse education intervention program, which may include a treatment-based drug court program, for not less than one year. § 948.08(6)(a), Fla. Stat. (2018).
When the court places a defendant into a PTI program under section 948.08(2) over the State's objection, the court acts in excess of its authority and certiorari relief is proper. State v. Espinoza, 42 So.3d 895, 896 (Fla. 5th DCA 2010) ; State v. Pugh, 42 So.3d 343, 344 (Fla. 5th DCA 2010). Similarly, when the court places a defendant into a PTI program under section 948.08(6)(a), but, as here, the defendant is ineligible, certiorari relief is proper.
*462 Frank could not be ordered into a PTI program under section 948.08(2) because the State refused to consent. Likewise, Frank could not be ordered into a pretrial substance abuse educational treatment program under section 948.08(6)(a) because he was not ordered into an approved program for at least one year. Certiorari relief is warranted. See Espinoza, 42 So.3d at 896 ; Pugh, 42 So.3d at 344.
PETITION GRANTED; ORDER QUASHED.
TORPY and EISNAUGLE, JJ., concur.