# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2024-0853
Lower Tribunal No. 2023-MM-001942-A-O

_____

STATE OF FLORIDA,

Appellant,

v.

ERIKA BERNADETTE HIGGINS,

Appellee.

_____

Appeal from the County Court for Orange County.
Amy J. Carter, Judge.

August 8, 2025

WOZNIAK, J.

The State appeals an Order of Disposition dismissing the State's case against Erika Bernadette Higgins following a hearing on her motion to dismiss. The trial court determined that Higgins had complied with all terms of a pretrial diversion (PTD) contract and was thus entitled to dismissal of her charges. The State argues that the trial court did not have authority to dismiss the charges because the decision to continue prosecution under section 948.08, Florida Statutes (2023), lies solely with the State. We agree and reverse and remand for further proceedings.

Background

Following Higgins's arrest for stalking, the State offered Higgins the opportunity to complete a PTD program under section 948.08(2). She accepted. Thereafter, Higgins and the State entered into a PTD contract wherein the State agreed to defer prosecution for eighteen months provided that Higgins comply with certain conditions. Upon Higgins's successful completion of the terms of the PTD contract, the State agreed that the stalking charge "shall be dropped (by Nolle Prosequi or No Information Notice)."

After some time, the State notified the trial court that prosecution would continue because Higgins was removed from the PTD program. The State did not indicate why Higgins had been removed from the program.

Higgins filed a motion for specific performance of the PTD contract and for dismissal. Higgins's motion alleged that she "promptly completed all required conditions of her program." Upon completing the conditions of her program, Higgins alleged, she approached her supervising officer about early termination. The officer informed Higgins that she would not be provided with early termination; rather, her office was in the process of issuing a notice of revocation because Higgins had engaged in multiple instances of "unintentional contact" with the victim.

The State responded to Higgins's motion, arguing that the PTD program is a creature of statute, and once a defendant is admitted to the program, "the decision to

2

resume prosecution of the charges against the defendant lies solely with the [S]tate." Accordingly, the State argued that Higgins could not seek the trial court's intervention to usurp "the State's prosecutorial function and force the State to re-instate Ms. Higgins into the PTD program."

The trial court thereafter held an evidentiary hearing on Higgins's motion. At the outset, the State objected to the trial court even holding an evidentiary hearing because, regardless of any evidence presented, only the State has discretion to revoke a defendant's participation in the program and proceed with prosecution. The trial court deferred ruling on the State's objection and allowed Higgins to present evidence to preserve her arguments for the record.

Higgins testified at the hearing in line with what she alleged in her motion. She also denied contacting the victim. The State argued it had evidence of additional instances of stalking, which was the reason for Higgins's removal from the program. Higgins responded that the State failed to present any evidence of continued stalking at the hearing, and the only evidence for the trial court's consideration was provided by Higgins. Thereafter, the trial court found that Higgins had completed the program and granted Higgins's motion, dismissing the stalking charge. This appeal followed.

<u>Analysis</u>

The State argues that the trial court erred by granting Higgins's motion to dismiss because the State has "non-reviewable" discretion to terminate a defendant's participation in a PTD program under section 948.08. We agree.

Our resolution of this issue turns on the interpretation of section 948.08; thus, our review is de novo. *See Hatten v. State*, 203 So. 3d 142, 144 (Fla. 2016). "[W]e interpret Florida's constitution and statutes according to the plain meaning of their text . . . ." *State v. Washington*, 403 So. 3d 465, 470 (Fla. 6th DCA 2025) (citing *Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022)).

Under section 948.08(2), Florida Statutes (2023),

> [a]ny first offender, or any person previously convicted of not more than one nonviolent misdemeanor, who is charged with any misdemeanor or felony of the third degree is eligible for release to the pretrial intervention program on the approval of the administrator of the program and the consent of the victim, the state attorney, and the judge who presided at the initial appearance hearing of the offender.

"Resumption of pending criminal proceedings shall be undertaken at any time if the program administrator or state attorney finds that the offender is not fulfilling his or her obligations under this plan or if the public interest so requires." § 948.08(4), Fla. Stat. Additionally, the statute provides that at the end of the intervention period, the program administrator recommends to the state attorney whether prosecution should resume because the offender's program participation was unsatisfactory; whether

the offender needs further supervision; or, if prosecution is not deemed necessary, that the charges should be dismissed. § 948.08(5), Fla. Stat. Finally, the same subsection clearly states: "The state attorney shall make the final determination as to whether the prosecution shall continue." *Id.*

Section 948.08 provides the State with ultimate authority to resume criminal proceedings either during or after the completion of the program. Accordingly, judicial review of its decision to continue with prosecution is, as the State argues, unavailable. *See e.g.*, *Batista v. State*, 951 So. 2d 1008, 1009 (Fla. 4th DCA 2007) (holding defendant was not entitled to evidentiary hearing when State revoked his participation in pretrial intervention program); *Virgo v. State*, 675 So. 2d 994, 994 (Fla. 3d DCA 1996) (holding that the State's discretion to remove a defendant from a pretrial intervention program is not reviewable by the trial court); *State v. Rubel*, 647 So. 2d 995 (Fla. 2d DCA 1994) (emphasizing that the State shall make the final determination as to whether prosecution shall continue).

Because the trial court was without authority to review the State's decision to terminate Higgins's involvement in the PTD program, we reverse and remand for further proceedings.

REVERSED and REMANDED for further proceedings.

SMITH and BROWNLEE, JJ., concur.

5

James Uthmeier, Attorney General, Tallahassee, and Marissa V. Giles, Assistant Attorney General, Daytona Beach, for Appellant.

Lori Wurtzel, of Wurtzel Law, PLLC, Winter Park, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED