661 So.2d 112 (1995)
Patti Lynn HEWLETT, Petitioner,
v.
The STATE of Florida and The Honorable Carole Y. Taylor, Circuit Court Judge of the Seventeenth Judicial Circuit in and for Broward County, Florida, Respondents.
No. 95-0905.
District Court of Appeal of Florida, Fourth District.
September 13, 1995.
Rehearing Denied and Stay Denied October 30, 1995.
*113 Alan H. Schreiber, Public Defender, and Diane M. Cuddihy, Assistant Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for respondents.
GUNTHER, Chief Judge.
Patti Lynn Hewlett (Hewlett), a defendant in a case assigned to the Broward County drug court, seeks certiorari review of an order entered by the chief judge of the seventeenth judicial circuit. The chief judge's order vacates the order of another circuit judge, the "drug court judge," assigned to Hewlett's case. The vacated drug court judge's order had denied the state's motion to terminate Hewlett's participation in the drug pretrial program. Declaring the drug court judge's order "void as a nullity," the chief judge then granted the state's motion to terminate Hewlett's participation. Because *114 the chief judge's order departs from the essential requirements of law and causes Hewlett irreparable harm without an effective remedy on appeal, we grant the petition for writ of certiorari. Accordingly, we quash the chief judge's order which vacates the drug court judge's order and terminates Hewlett's participation in the drug pretrial intervention program.
Hewlett was arrested for possession of a controlled substance and her case was assigned to the Broward County drug court. The drug court was created by administrative order, pursuant to the authority granted by section 948.08(6)(a), Florida Statutes (1993). The procedures to be followed in the drug court are set forth in a series of administrative orders, including Administrative Order No. III-94-E-2 (17th Jud.Cir. Sept. 27, 1994) (emphasis supplied) which provides in pertinent part:
The Defendant shall be terminated from the Drug Court Program if at that hearing [on a motion for termination] it is found that:
D. the Defendant has been rearrested and charged for DUI... .
The motion to terminate shall be filed at the option of the movant, before the Drug Court Judge, Administrative Judge of Felony Division or before the Chief Judge.
As ordered by the drug court judge, Hewlett participated in the drug pretrial intervention program. While in the program, Hewlett was arrested for DUI. Following Hewlett's arrest, the state orally requested the drug court judge assigned to Hewlett's case to terminate her participation in the intervention program and to transfer her case to the felony division. In response, the drug court judge instructed the state to file a written motion to terminate pursuant to the requirements of the administrative rule. For whatever reason, the state interpreted this instruction to file a written motion to terminate as the drug court judge's refusal to rule on the oral motion, and thus, concluded it would be futile to pursue the written motion. Relying on this interpretation, the state elected to file the written motion before the administrative judge for a hearing on January 20, 1995. Although the written motion was filed before the administrative judge, the defense set the same motion for hearing before the assigned drug court judge on January 19, 1995. At the January 19th hearing, the state argued that under the administrative rule the drug court judge lacked jurisdiction to hear the motion because the state had elected to file it before the administrative judge of the felony division. The drug court judge reasoned, however, that regardless of where the motion was filed, as the presiding drug court judge he had jurisdiction to hear and rule upon the written motion. Although the hearing proceeded before the drug court judge, the state refused to participate and the drug court judge denied the state's motion to terminate.
At the January 20th hearing scheduled by the state before the administrative judge, the record indicates that the administrative judge was unavailable to hear the motion on January 20, 1995, causing the state to set the motion before the chief judge. The chief judge granted the state's motion transferring Hewlett's case out of the drug division and into the felony division. In effect, he vacated the drug court judge's order by ruling that the drug court judge's order denying the state's motion to terminate was "void as a nullity".
A non-final order for which no appeal is provided by Florida Rule of Appellate Procedure 9.130 is reviewable by petition for certiorari only in limited circumstances. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla. 1987). The order must depart from the essential requirements of law and thus cause material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal. Id. Furthermore, a petition for certiorari is an appropriate remedy when petitioner alleges that the chief judge exceeded his jurisdiction in promulgating an administrative order. Valdez v. Chief Judge of the Eleventh Judicial Circuit, 640 So.2d 1164, 1165 (Fla. 3d DCA 1994), rev. denied, 652 So.2d 816 (Fla. 1995).
In the instant case, Hewlett claims that the chief judge departed from the essential requirements of the law on three theories: (1) *115 by impermissibly conducting an appellate review of another circuit court judge's order, (2) by violating the terms of the administrative orders governing the drug court proceedings, and (3) by exceeding his authority in adopting an administrative rule that divested colleague judges of the discretion provided for under the pretrial intervention statute. Because we conclude Hewlett has proved that the chief judge impermissibly conducted an appellate review of the drug court judge's order and that he exceeded his authority in adopting the administrative rule at issue, we need not address the second theory advanced by the defendant.
It is well established that a chief judge has no appellate jurisdiction over the cases filed in his court. Fla.R.Jud.Admin. 2.050(b). Moreover, one circuit judge cannot reverse the prior order of another circuit court judge. Boeing Co. v. Merchant, 397 So.2d 399, 401 (Fla. 5th DCA 1981), rev. denied, 412 So.2d 468 (Fla. 1982). The supreme court has held that a successor judge has only limited authority to issue orders inconsistent with his predecessor's rulings. State v. Gary, 609 So.2d 1291, 1293 (Fla. 1992). Such limits are necessary to promote stability of decisions and to avoid unseemly contests and differences. Id. Thus, in the instant case, the chief judge exceeded his authority by vacating a colleague's order in an appellate fashion.
More importantly, we find part of the administrative order under review to conflict with section 948.08(6), the pretrial intervention statute. Administrative orders involving the creation and governance of circuit court divisions have been the subject of recent district court opinions. See, e.g., Hartley v. State, 650 So.2d 1044 (Fla. 4th DCA 1995); Valdez v. Chief Judge of the Eleventh Judicial Circuit, 640 So.2d 1164 (Fla. 3d DCA 1994), rev. denied, 652 So.2d 816 (Fla. 1995). In Valdez, the chief judge of the circuit court issued an administrative order that set forth criteria that would automatically exclude defendants from admission into the pretrial release program. Id. at 1165. The criteria in the administrative order were in addition to those factors included in the applicable statutes and rules of criminal procedure. The third district found that the order clearly exceeded the chief judge's authority under rule 2.050(b), Florida Rules of Judicial Administration, to establish operation procedures for the court. Id. The district court specifically found that the order impermissibly limited the judicial discretion afforded under the statutes and the rule:
[B]y the very terms of the order the trial judge's discretionary authority was limited by the criteria delineated and the list of offenses for which exclusion from the program was ordered as mandatory. A judge of a paramount court cannot direct a colleague of that court or of an inferior court how to rule upon a matter except through an established writ or appellate process.
Id. at 1165.
The pretrial intervention program statute in the instant case provides only that if the trial court determines that the defendant has not successfully completed the program, the charges can be prosecuted normally. § 948.08(6)(c)1, Fla. Stat. (1993). No criteria exist within the statute that would require automatic termination from the program. If a defendant does not successfully complete the pretrial intervention program, "the court may order the person to continue in education and treatment or order that the charges revert to the normal channels for prosecution." § 948.08(6)(c)1, Fla. Stat. (1993) (emphasis supplied). Following the reasoning of Valdez, supra, the chief judge has exceeded his authority under both rule 2.050(b) and section 948.08(6) by issuing an administrative order which attempts to amend the pretrial intervention statute by adding terms and conditions that were not part of the original legislation. Thus, the administrative order unlawfully extinguishes judicial discretion by automatically expelling Hewlett from her participation in the drug pretrial intervention program.
Therefore, because we conclude that the order under review, which is based upon the unauthorized portion of the administrative order, constitutes a departure from the essential requirements of the law, Hewlett meets the first prong of the test for certiorari jurisdiction set forth in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla. *116 1987). Furthermore, Hewlett meets the "irreparable harm" prong of the test for certiorari jurisdiction. This is so because the order under review terminates Hewlett's continued participation in education and treatment in the pretrial intervention program. § 948.08(6)(c)1, Fla. Stat. (1993). Consequently, Hewlett is precluded from receiving the benefit from section 948.08(6)(c)2, which requires dismissal of the criminal charges upon successful completion of the pretrial program. Section 948.08(6)(c)1 allows the court to order the defendant to continue in education and treatment and the drug court judge, in his discretion, did so. However, the chief judge's order terminating Hewlett from the pretrial intervention program and vacating the drug court judge's order thereby caused Hewlett irreparable harm.
Accordingly, we quash Administrative Order No. III-94-E-2 (17th Jud.Cir. Sept. 27, 1994) to the extent that it conflicts with section 948.08(6). As such, we grant the petition for writ of certiorari and quash the circuit judge's order under review.
PETITION GRANTED.
KLEIN and STEVENSON, JJ., concur.