718 So.2d 957 (1998)
James KYKER, Appellant,
v.
Ron LOPEZ, Appellee.
No. 97-1386.
District Court of Appeal of Florida, Fifth District.
October 16, 1998.
*958 Barry Kalmanson of Barry Kalmanson, P.A., Maitland, for Appellant.
T. Kevin Knight of Drage, DeBeaubien, Knight, Simmons, Romano & Neal, P.A., Orlando, for Appellee.
THOMPSON, Judge.
James Kyker appeals a nonfinal order denying his motion for a protective order. Florida Rule of Appellate Procedure 9.130(a)(3) does not provide for interlocutory review of discovery orders, but we elect to treat this appeal as a petition for certiorari review. See Fla. R.App. P. 9.030(b)(2)(A). We deny the petition because Kyker has not demonstrated that the trial court's order resulted in a miscarriage of justice. See Combs v. State, 436 So.2d 93, 96 (Fla.1983).
James Kyker and Ron Lopez own 100 percent of the shares in New Wave Entertainment, Inc., ("New Wave"), a Florida corporation which is the sole stockholder in three subsidiaries. Kyker and Lopez orally agreed that New Wave would be dissolved and the shares of the three subsidiaries would be shared equally. Kyker refused to sign the agreement when Lopez put it in writing. Subsequently, Kyker, a 75 percent owner of New Wave, removed Lopez as officer and director of all the companies and assumed daily control over them. Lopez then sued Kyker and requested, among other things, that a receiver be appointed for New Wave. Lopez filed a demand for production of financial documents pertaining to New Wave and its subsidiaries. Lopez also asserted that because he is a shareholder in New Wave and because New Wave holds 100 percent of the stock in the subsidiaries, he had the right under sections 607.1601 through 607.1604, Florida Statutes, to inspect and copy the financial records of one of the subsidiaries on a monthly basis until the case was resolved. Lopez sent Kyker a written list of the documents requested in addition to those listed in the demand for production. Kyker agreed to produce all the documents requested, which included daily, weekly and monthly computer-generated sales reports. When the reports were not presented, Lopez filed motions to compel.
Kyker filed a motion for entry of a protective order. He argued that Lopez had no *959 statutory right to the financial records until ordered by the court and that it would be a burden to collect and produce every receipt for every sale made every day. He also argued that the information sought was not reasonably intended to lead to the discovery of evidence relevant to the lawsuit. The trial court denied the motion for protective order and required Kyker "to produce all documents requested" by Lopez. Kyker seeks review of this order.
The Florida Supreme Court established the standard of review for an appellate court when considering a petition for a writ of certiorari in Combs:
In granting writs of common-law certiorari, the district courts of appeal should not be as concerned with the mere existence of legal error as much as with the seriousness of the error. Since it is impossible to list all possible legal errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually. The district courts should exercise this discretion only when there has been violation of a clearly established principle of law resulting in a miscarriage of justice.
Combs, 436 So.2d at 95-96. In this case, the trial court correctly denied the motion for protective order.
Kyker had the burden to show that producing the requested documents would subject him to "annoyance, embarrassment, oppression, or undue burden or expense." Fla. R. Civ. P. 1.280(c). He failed to show that producing weekly and monthly sales reports, routinely generated by computer, would result in any of the above circumstances. Further, because Lopez requested the sales reports pursuant to his statutory right of inspection, Kyker's argument that the information is not relevant to any issues in the lawsuit is itself irrelevant. Relevance goes to the issue of whether information requested is discoverable. See Fla. R. Civ. P. 1.280(b). Kyker's argument is also incorrect. The documents at issue report the daily cash receipts of one of New Wave's subsidiaries. This information is relevant to Lopez's claims for declaratory judgment, accounting, and injunctive relief, which are all based in part on Kyker's alleged mismanagement of financial affairs. Thus, if not privileged, the information would be discoverable.
Finally, although a court does not have the authority to require production of documents not yet in existence, see Bissell Brothers, Inc. v. Fares, 611 So.2d 620 (Fla. 2d DCA 1993), in this case, the trial court did not err in entering such an order.[1] At the hearing on Lopez's motion to appoint a receiver, Lopez advised the court that he wanted Kyker to provide corporate financial information on a monthly basis until resolution of the case. Kyker agreed to give him all the documents sought in return for Lopez's agreement to abate the motion for a receiver. After receiving Lopez's list, Kyker agreed in writing to provide everything listed, whether or not previously requested in discovery. Kyker thus agreed to produce documents not yet in existence. The trial court merely ordered him to do that which he agreed to do orally in court and later in writing.
PETITION DENIED.
PETERSON and ANTOON, JJ., concur.
NOTES
[1] It is noted that this order was given orally and is not stated explicitly in the written order. However, the written order requires Kyker to produce the documents set forth in the 8 April 1997 correspondence from Lopez's attorney. Therein, Lopez seeks documents dated "from January 28, 1997, to the present."