NORTHCUTT, Judge.
 

 In 2003, Janet Dees, Dana Campbell, and June Clark formed a limited liability company named The Kidney Group, LLC, which establishes and manages dialysis clinics. Within about two years, dissension arose in the ranks. Dees filed a five-count complaint against the company, Campbell, and Clark, collectively referred to here as TKG. In the course of the litigation, the defendants obtained an order prohibiting any discovery into TKG’s records concerning two former clients and into Kidney II, LLC, a new venture formed by Campbell and Clark. Dees has petitioned us for a writ of certiorari to quash the order. Although certiorari is not often available to review orders denying discovery, Dees has satisfied her burden for obtaining such relief. Accordingly, we grant the petition.
 

 Dees’ lawsuit sought access to the company’s records, judicial dissolution of the company due to management deadlock, and appointment of a custodian or receiver. She also demanded damages from Campbell and Clark based on allegations that they breached duties owed to the company by, among other things, misappropriating opportunities of the company,
 
 *279
 
 self-dealing, and violating the company’s operating agreement. In her requests for production, Dees sought documents concerning the company’s clients and documents referencing the business relationship between or among the opposing parties to this suit. TKG objected to the discovery.
 

 When Dees scheduled the deposition of the company’s current chief financial officer, TKG objected and moved for a protective order concerning any inquiry into three nonparties — The Kidney Institute of Clearwater, LLC; The Kidney Institute of North Dakota, LLC; and Kidney II, LLC. TKG supported the motion for a protective order with an affidavit by Clark, who averred that the company had no contractual relationship with these three entities. The circuit court granted the motion, concluding that “the information sought to be protected is not related to any pending claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.” The order sustained the objections to Dees’ discovery requests relating to the three nonparties, relieved TKG of any obligation to produce records or information as to same, and prohibited Dees from making any discovery requests or inquiries relating to them.
 

 To obtain certiorari relief, a petitioner must demonstrate that the order departs from the essential requirements of law, that it causes material injury, and that the petitioner lacks an adequate remedy on appeal.
 
 Martin-Johnson, Inc. v. Savage,
 
 509 So.2d 1097, 1099 (Fla.1987). The third element of irreparable harm is a jurisdictional prerequisite for certiorari review.
 
 Harley Shipbuilding Corp. v. Fast Cats Ferry Serv., LLC,
 
 820 So.2d 445, 448 (Fla. 2d DCA 2002). In this case, Dees has met her burden of showing irreparable harm because, as this court previously has explained, after judgment it would be impossible to determine whether or how this discovery prohibition affected the outcome.
 
 See Bush v. Schiavo,
 
 866 So.2d 136, 140 (Fla. 2d DCA 2004). Further, the subject order not only limited discovery of this information from TKG, it also extended to other sources of the information by preventing contact with the nonparties at issue.
 
 See Criswell v. Best W. Int'l, Inc.,
 
 636 So.2d 562, 562 (Fla. 3d DCA 1994) (finding irreparable harm when party was precluded from seeking discovery from only source and noting impossibility of postjudgment evaluation on lack of discovery).
 

 Having crossed the jurisdictional barrier for certiorari review, Dees must show a departure from the essential requirements of law. This test is met by showing that the circuit court failed to apply the correct law.
 
 See Nucci v. Nucci,
 
 987 So.2d 135, 139 (Fla. 2d DCA 2008). Florida Rule of Civil Procedure 1.280(c) provides for protective orders in the context of discovery “for good cause shown ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.” The protective order did not make any findings on these grounds, and at the hearing below TKG failed to make any showing that the discovery would cause annoyance, embarrassment, oppression, or undue burden. Clark’s affidavit stated merely that the two kidney institutes were not clients of the company. She did not state that they had never been clients. She did not assert that the records at issue contained confidential business information of these non-parties. By failing to apply the standards of rule 1.280(c) before granting the protective order, the circuit court departed from the essential requirements of law.
 

 Finally, Dees must show that the order causes material harm. We conclude that she has done so given the allegations in her complaint of mismanagement and
 
 *280
 
 usurped opportunities in breach of duties allegedly owed to the company. The protective order prevents any discovery concerning two prior clients and a new venture formed by the other two members of the company. The information appears relevant to Dees’ claims or reasonably calculated to lead to the discovery of admissible evidence.
 
 See
 
 Fla. R. Civ. P. 1.280(b)(1) (defining scope of discovery);
 
 cf. Kyker v. Lopez,
 
 718 So.2d 957 (Fla. 5th DCA 1998) (approving order that denied motion for protective order when requested information was discoverable). Accordingly, we grant the petition, quash the order under review, and remand for further proceedings.
 

 Petition granted.
 

 VILLANTI and CRENSHAW, JJ., Concur.