DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES EVAN GINCLEY,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D18-3067

[March 27, 2019]

Petition for writ of certiorari to the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Steven J. Levin, Judge; L.T. Case No. 432018CF000766A.

John J. Anastasio, Stuart, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

James Evan Gincley, a defendant in Martin County circuit court, was denied admission into the circuit's drug court based on a Nineteenth Judicial Circuit administrative order. Gincley seeks certiorari review of the trial court's determination that he was ineligible for the circuit's treatment-based drug court program as well as the underlying administrative order which purported to deny him admission. Because the local administrative order represents a departure from the essential requirements of the law by adding a reason for exclusion from the circuit's drug court—which exclusion is not found in Florida law—we quash both the order denying Gincley admission into drug court and that portion of the administrative order that expressly conflicts with the statute.

On June 15, 2018, Gincley was charged by information with DUI and possession of heroin. The state had originally agreed to the defendant's admission into the drug court program as it related to the possession of heroin charge. Following protocol, the felony judge assigned to the case referred Gincley to drug court arraignment for observation and a general eligibility review. Drug court staff noted that Gincley had previously

completed the drug court program in the Nineteenth Circuit on December 1, 2006, and because the circuit's administrative order precludes a defendant from admission into its drug court program on more than one occasion, the drug court judge entered an order denying Gincley's admission into drug court based on the administrative order. That is, despite the fact that Gincley was otherwise eligible for drug court (no prior felony convictions, not presently charged with a violent felony, not suspected of selling drugs, no prior rejection of participation after being offered drug court assistance, etc.), the local administrative order grafted additional criteria and exceptions not found in Florida law. This, a local circuit's administrative order may not do.

Section 948.08, Florida Statutes, establishes various pretrial intervention programs within the State. To be eligible for admission into a drug court program, the statute provides that a defendant must (1) be identified as having a substance abuse problem or charged with purchase or possession or other specified crimes, (2) have no prior felony convictions, and (3) not be charged with a crime involving violence. § 948.08(6)(a), Fla. Stat. (2017). The statute's two enumerated exceptions to admission are (1) if a defendant rejected a previous offer to enter drug court, or (2) if the state attorney establishes that the defendant was involved in drug dealing. *Id.* Gincley met all of the statutory requirements for eligibility and neither of the exceptions applied to him.

Conversely, Administrative Order 2017-04 establishes a drug court program in Martin County and reads in pertinent part:

> Each defendant has only one opportunity to have their case heard in Drug Court. If a defendant is charged with a new offense and has already had a prior case heard and resolved in Drug Court, the new case will be heard in a regular criminal or juvenile division absent specific approval by the State Attorney's Office.

Administrative Order 2017-04, § 3.F. (19th Jud. Cir. Feb. 15, 2017).

The local administrative order clearly contravenes the enabling statute by adding terms and conditions that were not part of the original legislation. *See Hewlett v. State*, 661 So. 2d 112, 115 (Fla. 4th DCA 1995) ("[T]he chief judge has exceeded his authority under both rule 2.050(b) and section 948.08(6) by issuing an administrative order which attempts to amend the pretrial intervention statute by adding terms and conditions that were not part of the original legislation."). Further, while section 948.08 provides for the establishment of a drug court program upon

2

approval by a chief judge, Florida law does not recognize the authority of a chief judge, through the promulgation of an administrative order or otherwise, to create additional criteria or exceptions to Florida's drug court statute.

"To obtain certiorari relief, a petitioner must demonstrate that the order departs from the essential requirements of law, that it causes material injury, and that the petitioner lacks an adequate remedy on appeal." *Dees v. Kidney Grp., LLC*, 16 So. 3d 277, 279 (Fla. 2d DCA 2009). "The third element of irreparable harm is a jurisdictional prerequisite for certiorari review." *Id.*

"[A] petition for certiorari is an appropriate remedy when petitioner alleges that the chief judge exceeded his jurisdiction in promulgating an administrative order." *Hewlett*, 661 So. 2d at 114 (citing *Valdez v. Chief Judge of the Eleventh Judicial Circuit*, 640 So. 2d 1164, 1165 (Fla. 3d DCA 1994), *rev. denied*, 652 So. 2d 816 (Fla. 1995)). An order "based upon the unauthorized portion of [an] administrative order" is a departure from the essential requirements of law and "meets the first prong of the test for certiorari jurisdiction . . . ." *Hewlett*, 661 So. 2d at 115. Preclusion from receiving the benefit of a pretrial intervention program causes irreparable harm. *Id.* at 116.

Accordingly, we quash Administrative Order 2017-04 (19th Jud. Cir. Feb. 15, 2017) to the extent that it conflicts with section 948.08(6). As such, we grant the petition for writ of certiorari and quash the order under review and remand for further proceedings consistent with our holding.

*Petition granted. Matter remanded for further proceedings.*

GERBER, C.J., and LEVINE, J., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***