# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ROBERT SIMEONE,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D18-3470

[June 12, 2019]

Petition for writ of mandamus to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Ted S. Booras, Judge; L.T. Case No. 2017CF002660MB.

Jeremy J. Kroll of Dutko & Kroll, P.A., Fort Lauderdale, for petitioner.

Ashley B. Moody, Attorney General, Tallahassee, and Jonathan P. Picard, Assistant Attorney General, West Palm Beach, for respondent.

GERBER, C.J.

The defendant petitions for a writ of mandamus, or in the alternative a writ of certiorari, to compel his admission into veterans' court. The defendant argues that because he satisfies the criteria for eligibility into veterans' court as stated in section 948.08(7), Florida Statutes (2018), he is entitled to admission into veterans' court. The veterans' court judge rejected the defendant's interpretation of section 948.08(7), and exercised its discretion to deny the defendant's admission into veterans' court.

As a matter of first impression, based on our interpretation of section 948.08(7)'s plain language, we hold that a defendant who satisfies section 948.08(7)'s criteria is "eligible" for, but not entitled to, admission into veterans' court. Therefore, we deny the defendant's petition. We present this opinion in five parts:
  1. The defendant's motion to transfer;
  2. The parties' arguments in the circuit court;
  3. The veterans' court judge's denial of the transfer;
  4. The parties' arguments on this petition; and
  5. Our review.

### 1. *The Defendant's Motion to Transfer*

The state charged the defendant with twenty-six counts of patient brokering, a third-degree felony, for allegedly paying kickbacks to sober home owners who referred residents to the defendant's substance abuse treatment facility. According to the sentencing guidelines, if the defendant is adjudicated guilty on all charges, he faces a minimum of thirty-six months in prison, and if the maximum five-year sentence is imposed on each charge consecutively, he faces a maximum of 130 years in prison.

The defendant's case initially was assigned to a felony criminal division. However, fifteen months after being charged, the defendant filed a motion to transfer his case to veterans' court pursuant to section 948.08(7), Florida Statutes (2018).

Section 948.08(7) provides, in pertinent part:

(a) Notwithstanding any provision of this section, a person who is charged with a felony, other than a felony listed in s. 948.06(8)(c), and identified as a veteran, as defined in s. 1.01, including a veteran who is discharged or released under a general discharge, or servicemember, as defined in s. 250.01, who suffers from a military service-related mental illness, traumatic brain injury, substance abuse disorder, or psychological problem, *is eligible for voluntary admission into a pretrial veterans' treatment intervention program approved by the chief judge of the circuit*, upon motion of either party or the court's own motion, except:

1. If a defendant was previously offered admission to a pretrial veterans' treatment intervention program at any time before trial and the defendant rejected that offer on the record, the court may deny the defendant's admission to such a program.

2. If a defendant previously entered a court-ordered veterans' treatment program, the court may deny the defendant's admission into the pretrial veterans' treatment program.

. . . .

(c) At the end of the pretrial intervention period, the court shall consider the recommendation of the treatment program

and the recommendation of the state attorney as to disposition of the pending charges. The court shall determine, by written finding, whether the defendant has successfully completed the pretrial intervention program. If the court finds that the defendant has not successfully completed the pretrial intervention program, the court may order the person to continue in education and treatment, which may include treatment programs offered by licensed service providers or jail-based treatment programs, or order that the charges revert to normal channels for prosecution. *The court <u>shall</u> dismiss the charges upon a finding that the defendant has successfully completed the pretrial intervention program.*

§ 948.08(7), Fla. Stat. (2018) (emphasis added).

The defendant's motion and a later memorandum alleged he was eligible for voluntary admission into veterans' court because: he was not charged with a felony listed in section 948.06(8)(c); he is a veteran receiving service-related psychological therapy; he had not been previously offered admission to a pretrial veterans' treatment intervention program; and he had not previously entered a court-ordered veterans' treatment program. The defendant further alleged he had not become aware of the veterans' court program until he filed his motion to transfer.

## 2. *The Parties' Arguments in the Circuit Court*

The state and the defendant appeared for a hearing before the criminal division judge. The state notified the criminal division judge that the state would agree to having the veterans' court judge determine whether to admit the defendant into veterans' court. However, the state mentioned that the veterans' court judge had "never accepted anybody over the state's objection in ten years." Defense counsel responded, "[M]y review of [section 948.08(7)] seems to suggest that as long as the veteran meets the criteria, he's eligible for the drug court, that it's . . . not subject to the state's review." The criminal division judge agreed to have the veterans' court judge determine whether to admit the defendant into veterans' court.

Before the parties appeared before the veterans' court judge, the defendant filed a memorandum of law in support of his motion to transfer. The defendant's memorandum argued that as long as he met section 948.08(7)'s eligibility requirements, neither the state's objection nor the state's lack of consent could prevent his admission into veterans' court.

The state filed a written objection. The state argued section 948.08(7) does not require that an "eligible" defendant be admitted into veterans' court. Instead, the state argued, admission into the Fifteenth Circuit's veterans' court is determined by the terms set forth in the Fifteenth Circuit Administrative Order 4.905-11/10, including the order's incorporated program manual. According to the state, the manual contains the following pertinent provisions:

- "The Judge will form a partnership with the VA, State Attorney, Public Defender, Probation, law enforcement and the treatment team, which allows collaboration in sharing of resources and coordination of efforts."

- "Defendants will be evaluated on a case-by-case basis with the admission dependent upon the team's assessment as to whether or not the individual can be successfully treated. The team will consider both public safety and likelihood of good treatment outcomes in their decision."

- The team will assist the judge "in determining the overall suitability of defendants for the program by completing a comprehensive assessment."

- "Final determination for the admission of a defendant to [veterans' court] will be made by the [veterans' court] Judge based on recommendations from, and as appropriate with the concurrence of, the Assistant State Attorney, Assistant Public Defender, VA, and Probation."

- "To provide the greatest flexibility, with input from the State Attorney and defense counsel, the [veterans' court] judge will fashion a proposed resolution that will be appropriate in light of all circumstances . . . ."

- "At the time of Graduation and if the State is in agreement, the Court may dismiss the charges to which the participant previously pled guilty."

Fifteenth Jud. Cir. of Fla. & W. Palm Beach Dep't of Veterans Affairs Med. Ctr., WPB Florida Veteran Treatment Court Manual, at 8-13, https://www.15thcircuit.com/sites/default/files/programs/veterans-court/WPB-Florida-Veteran-Treatment-Court-Manual.pdf.

4

Based on the foregoing provisions, the state argued the veterans' court judge should consider the state's input at every step of the process, from admission to graduation. Significantly, the state conceded that its consent "[wa]s not a prerequisite for eligibility of the Veterans' Court Program." However, the state argued, its consent "serves as an important factor that the Court should consider in determining *admission* into the program."

The state concluded by expressing its specific objection to the defendant's admission into veterans' court in the instant case:

> [T]he state strongly objects to the transfer of the Defendant's case [into veterans' court]. As stated above, the Defendant's crimes are both egregious and sophisticated. He exploited a similar class of people that the Veterans' Docket is meant to serve. The State respectfully submits the crimes committed in this particular case are not appropriate for Veteran[s'] Court.

### 3. *The Veterans' Court Judge's Denial of the Transfer*

After a hearing to consider the parties' evidence and arguments, the veterans' court judge sustained the state's objection to the defendant's admission into veterans' court. The judge reasoned:

> [T]he statute would seem to suggest an individual has a right to go into Veterans Court, thus a right to diversion. I do not read the statute that way. . . .
>
> . . . .
>
> The case I'm going to cite is *State v. Webb*, a 1981 case from the Supreme Court, which prohibits [this court] from strictly construing a law so as to produce an absurd result.
>
> And [construing] the statute [to] suggest that this defendant has a right to Veterans Court, thus a right to a dismissal, to me would be an absurd result. . . .
>
> . . . .
>
> [C]onstruing the statute in a way that would require . . . the Court to accept somebody into Veterans Court, Number 1, could avoid sentencing guidelines, such as this particular case.

5

You could have somebody charged with multiple DUIs year after year after year, be facing felony DUI; and otherwise . . . be eligible for diversion. . . . [B]oth of those would be absurd results.

Career criminals could get diversion programs, not to mention that most of . . . the [enumerated excluded offenses listed in section 948.06(8)(c)] involve victims. There are many, many more that involve victims that are not on that [] list.

So this type of charge, along with all other charges, whether it's driving while license suspended or battery on a police officer, victim or not victim, they have to be viewed similarly.

And a right to diversion would take away victims' rights, notwithstanding whatever the election votes tomorrow on the [Marsy's Law] constitutional amendment. I think we have very strong victim right statutes and constitution as it . . . stands now.

. . . [A]lso the statute refers to the Chief Judge shall set up by Administrative Order creating a Veterans Court. . . .

. . . .

And in there the Veterans Court Administrative Order cites to the Veterans Court Manual. And twice in the manual, it [says] the Court . . . has to concur to somebody being placed in a treatment program. Under Section [IV] on Eligibility, Page 9, it says concurrence must be . . . ["]obtained by [] Judge.["]

On Suitability on Page 10, ["]Final determination for [the] admission of a defendant to the Veterans Treatment Docket will be made by the Veterans [Treatment Docket] Judge based on recommendations from, [and] as appropriate with [the] concurrence of, the Assistant State Attorney, [Assistant] Public Defender, VA[,] and [P]robation.["]

So for those reasons . . . I'm not overriding the State's objection for Veterans Court.

. . . .

6

> [T]he facts [the defendant] has put on the record, I don't find any of those to be in dispute. I'm just making a legal ruling sustaining the State's objection.

After the hearing, the veterans' court judge entered a written order summarizing his reasons for denying the defendant's motion to transfer:

> At the hearing on the issue of transfer, the State strongly objected to the case being transferred to [veterans'] court, and objected to Defendant's case being placed in a diversion program. The State pointed out that Defendant scores prison on the sentencing guidelines. At the hearing the undersigned went into a lengthy oral pronouncement as to why Defendant's request for transfer to [veterans'] court was being denied. Among other reasons, the undersigned ruled that [veterans'] court was not a right, expressing that a defendant could not mandate that their case, no matter the guidelines or victims['] input, could be placed into a diversion program without the consent of the court.

### 4. *The Parties' Arguments on this Petition*

This petition for mandamus, or in the alternative a writ of certiorari, followed. The defendant argues that because he satisfies the criteria for eligibility into veterans' court stated in section 948.08(7), he is entitled to admission into veterans' court. According to the defendant, "there are no other exceptions and no other circumstances in the statute regarding eligibility that should prevent [the defendant's] lawful admission into the program." (capitalization removed). Relying on our decision in *State v. Gullett*, 652 So. 2d 1265 (Fla. 4th DCA 1995), which interpreted section 948.08(6)'s criteria for drug court, the defendant further argues, "there is no provision or standing for the State to object or for the State's lack of consent to prevent admission into the Program." The defendant concludes his petition by arguing, "[o]utside of the eligibility and charge-exclusion requirements [of section 948.08(7)], the Statute creates no prosecutorial or judicial discretion: if the veteran meets the requirements set forth, the veteran is eligible for the Veterans' pretrial intervention program."

The state responds that certiorari, not mandamus, is the proper method for seeking review of a trial court's ruling on a defendant's motion to transfer into a diversion program under section 948.08. According to the state, if the petition is treated as seeking certiorari relief, then such

relief is unavailable here, because the defendant has failed to show irreparable harm or a departure from the essential requirements of law.

As for a lack of irreparable harm, the state argues, "[t]o the extent that [the defendant] is claiming he is harmed by the trial court's ruling because it precludes the possibility of discharge for his numerous felony charges, this is too speculative to establish irreparable harm." In support of that argument, the state contends, "[u]nder section VII of the veterans' treatment program approved by the chief judge, there would be a *possibility* of discharge *if* [the defendant] successfully completed the program, *but discharge would still be discretionary.*"

As for a lack of departure from the essential requirements of law, the state argues:

> There are no cases that interpret section 948.08(7)(a). The plain language of section 948.08(7)(a) merely establishes *eligibility* requirements for a veterans' diversion program. . . . This section does not contain any mandatory language, so [the defendant's] assertion that he has a mandatory right to be transferred into diversion is without merit.
>
> Furthermore, [the defendant's] assertion that the veterans' treatment program approved by the chief judge conflicts with the language of section 948.08(7)(a) is also without merit. As section 948.08(7)(a) gives the chief judge discretion to establish and approve a veterans' treatment program, and [section 948.08(7)(a)] does not provide a mandatory right to participate in such a program, the program approved by the chief judge is not in conflict with the statute.
>
> . . . .
>
> In this case, the trial court exercised its discretion in denying [the defendant's] motion to transfer. While it is true that the trial court decided not to overrule the State's objection, the record reflects that the trial court was aware that it had discretion to overrule the State's objection. The trial court correctly found that section 948.08(7)(a) is not mandatory.

In reply, the defendant argues that his petition established irreparable harm. Relying on our decision in *Hewlett v. State*, 661 So. 2d 112 (Fla. 4th DCA 1995), the defendant argues that the erroneous prevention of a

defendant's participation in a pretrial diversion program constitutes irreparable harm. And more specifically here, the defendant argues, irreparable harm exists because the denial of his motion to transfer into veterans' court precludes him from having his charges mandatorily dismissed upon his successful completion of the veterans' court program, pursuant to section 948.08(7)(c).

## 5. *Our Review*

### a. *Certiorari, Not Mandamus, is the Proper Remedy*

As discussed more fully below, we conclude that a defendant who satisfies section 948.08(7)'s criteria is merely "eligible" for, but not entitled to, admission into veterans' court, and that a judge's decision on whether to admit an eligible and willing defendant into veterans' court is a discretionary act, not a ministerial duty. Thus, mandamus would not be the proper remedy, *if* we were to grant the defendant's petition. *See Migliore v. City of Lauderhill*, 415 So. 2d 62, 63 (Fla. 4th DCA 1982) ("It has long been established that mandamus lies to compel the performance of a specific imperative *ministerial* duty. It is not an appropriate vehicle for review of a merely erroneous decision nor is it proper to mandate the doing (or undoing) of a discretionary act.") (emphasis added).

We further conclude that certiorari would be the proper remedy, *if* we were to grant the defendant's petition. To obtain certiorari relief, a petitioner must demonstrate that the order in question departs from the essential requirements of law, and that the petitioner lacks an adequate remedy on appeal, i.e., that the petitioner has suffered irreparable harm. *Gincley v. State*, 267 So. 3d 444, 446 (Fla. 4th DCA 2019).

To the extent the defendant's petition is based on a theory that the administrative order upon which the veterans' court judge relied has amended section 948.08(7)'s eligibility criteria for veterans' court, that theory, *if true*, would constitute a departure from the essential requirements of the law. *See Hewlett*, 661 So. 2d at 115-16 (where a chief judge exceeded his authority under both Florida Rule of Judicial Administration 2.050(b) and section 948.08(6) by issuing an administrative order which attempted to amend the pretrial intervention statute by adding terms and conditions that were not part of the original legislation, such an order constitutes a departure from the essential requirements of the law); *Gincley*, 267 So. 3d at 446 ("An order based upon the unauthorized portion of an administrative order is a departure from the essential requirements of law and meets the first prong of the test for

certiorari jurisdiction. . . .") (quoting *Hewlett*, 661 So. 2d at 115; internal quotation marks and brackets omitted).

To the extent the defendant's petition is also based on a theory that the veterans' court judge's unauthorized order has precluded him from receiving the benefit from section 948.08(7)(c), which requires dismissal of the criminal charges upon successful completion of the veterans' court program, that theory, *if true*, would constitute irreparable harm. *See Hewlett*, 661 So. 2d at 116 (where a chief judge's unauthorized order terminating a defendant from a pretrial intervention program precluded the defendant from obtaining dismissal of the charges under section 948.08(6) upon successfully completing the program, such an order met the "irreparable harm" prong of the test for certiorari jurisdiction); *Gincley*, 267 So. 3d at 446 ("Preclusion from receiving the benefit of a pretrial intervention program causes irreparable harm.").

### b. *No Departure from the Essential Requirements of Law is Shown*

However, the defendant has not shown a departure from the essential requirements of the law in this case, because: (1) the veterans' court judge properly recognized that under section 948.08(7), he possessed the discretion to deny the defendant's admission into veterans' court; and (2) the veterans' court judge properly exercised that discretion in this case.

Our conclusion turns on the plain meaning of the word "eligible" as used in the phrase "eligible for voluntary admission" in section 948.08(7)(a). *See Halifax Hosp. Med. Ctr. v. State*, No. SC18-683, 2019 WL 1716374, at *2 (Fla. Apr. 18, 2019) ("A court's determination of the meaning of a statute begins with the language of the statute. If that language is clear, the statute is given its plain meaning, and the court does not look behind the statute's plain language for legislative intent or resort to rules of statutory construction.") (internal citations and quotation marks omitted).

The Merriam-Webster dictionary defines "eligible" as "qualified to participate or be chosen." *Eligible*, Merriam-Webster, https://www.merriam-webster.com/dictionary/eligible (last visited May 29, 2019). Applying that definition to section 948.08(7)(a), the statute merely provides the criteria which the defendant must satisfy to be "qualified to participate or be chosen" for veterans' court, but does not require his automatic admission into veterans' court, if qualified.

Our conclusion is not altered by the fact that section 948.08(7)(a) refers to the defendant's admission into veterans' court being "voluntary." The

Merriam-Webster dictionary defines "voluntary" as "proceeding from the will or from one's own choice or consent." *Voluntary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/voluntary (last visited May 29, 2019). Applying that definition to section 948.08(7)(a), the statute merely provides that a defendant cannot be admitted into veterans' court against the defendant's "own choice or consent," not that a defendant possesses unilateral power to decide whether to be admitted into veterans' court.

In the absence of any language in section 948.08(7) requiring an eligible and willing defendant's admission into veterans' court, it is logically left to the judge's discretion whether to admit an eligible and willing defendant into veterans' court.

As with any discretionary decision, the judge's discretion to decide whether to admit an eligible and willing defendant into veterans' court may not be abused. Such an abuse of discretion would occur if a judge (or a circuit) issued any kind of blanket policy, rules, criteria, etc., in addition to those set forth in section 948.08(7), which would foreclose an otherwise eligible and willing defendant from being admitted into veterans' court. *Cf. Hewlett*, 661 So. 2d at 115 (chief judge's administrative order, directing that a defendant be terminated from drug court if the defendant has been rearrested and charged for DUI, exceeded chief judge's authority under both Florida Rule of Judicial Administration 2.050(b) and section 948.08(6), by adding terms and conditions that were not part of the original legislation); *Gincley*, 267 So. 3d at 446 (chief judge's administrative order, directing that "[e]ach defendant has only one opportunity to have their case heard in Drug Court," contravened the pretrial intervention statute by adding terms and conditions that were not part of the original legislation).

Here, we see nothing in Fifteenth Circuit Administrative Order 4.905-11/10, or in the order's incorporated program manual, which contains any kind of blanket policy, rules, criteria, etc., in addition to those set forth in section 948.08(7), which would foreclose an otherwise eligible and willing defendant from being admitted into veterans' court.

On the contrary, the order's incorporated manual contains key phrases indicating that the determination of whether an eligible and willing defendant will be admitted into veterans' court shall be made on a discretionary basis:

- "*Defendants will be evaluated on a case-by-case basis* with the admission dependent upon the team's assessment as to whether or

not the individual can be successfully treated. The team will consider both public safety and likelihood of good treatment outcomes in their decision." WPB Florida Veteran Treatment Court Manual, at 18 (emphasis added).

- "*Final determination for the admission of a defendant to [veterans' court] will be made by the [veterans' court] Judge* based on recommendations from, and as appropriate with the concurrence of, the Assistant State Attorney, Assistant Public Defender, VA, and Probation." *Id.* at 10 (emphasis added).

We also see nothing in the veterans' court judge's statements, or in his written order, indicating that he applied any kind of blanket policy, rules, criteria, etc., in addition to those set forth in section 948.08(7), in denying the defendant's admission into veterans' court. Rather, the record indicates that the veterans' court judge considered the nature of the defendant's charges and the defendant's possible sentences in determining that the defendant should not be admitted into veterans' court.

In reaching our conclusion, we are concerned that during the initial hearing before the criminal division judge, the state commented (accurately or not) that the veterans' court judge had "never accepted anybody over the state's objection in ten years." We also are concerned about two phrases in the Fifteenth Circuit's administrative order's incorporated manual. First, "Final determination for the admission of a defendant to [veterans' court] will be made by the [veterans' court] Judge based on recommendations from, *and as appropriate with the concurrence of, the Assistant State Attorney, Assistant Public Defender, VA, and Probation.*" (emphasis added). Second, "At the time of graduation and *if the State is in agreement*, the Court *may* dismiss the charges to which the participant previously pled guilty." (emphasis added).

The obvious nature of our concern regarding these observations would be the possibility, if not the appearance, that the veterans' court judge would be conditioning the exercise of his discretion on whether to admit an eligible and willing defendant into veterans' court based upon the state's concurrence. However, conditioning an eligible and willing defendant's admission into veterans' court based upon the state's (or anyone's) concurrence would constitute an abdication of the judge's discretion, and thus an abuse of discretion. Further, conditioning the dismissal of charges at the time of graduation upon the state's agreement would contravene section 948.08(7)(c)'s first and last sentences: "At the end of the pretrial intervention period, the court shall consider . . . the *recommendation* of the state attorney as to disposition of the pending

charges. . . . The court *shall* dismiss the charges upon a finding that the defendant has successfully completed the pretrial intervention program." § 948.08(7)(c), Fla. Stat. (2018) (emphasis added).

Here, however, the record does not indicate that any such deferral or abdication of the veterans' court judge's discretion has occurred. As stated above, the record indicates that the veterans' court judge considered the nature of the defendant's charges and the defendant's possible sentences in determining that the defendant should not be admitted into veterans' court. We trust that the veterans' court judge and the state will continue to be cognizant of our observations going forward.

### *Conclusion*

In sum, we hold as a matter of first impression, based on our interpretation of section 948.08(7)'s plain language, that a defendant who satisfies section 948.08(7)'s criteria is "eligible" for, but not entitled to, admission into veterans' court. The judge has the discretion to decide whether to admit an eligible and willing defendant into veterans' court. Here, although the defendant satisfied the criteria for eligibility into veterans' court, as stated in section 948.08(7), the veterans' court judge properly exercised his discretion to deny the defendant's admission into veterans' court.

Based on the foregoing, we deny the defendant's petition for a writ of mandamus, or in the alternative a writ of certiorari, to compel his admission into veterans' court.

*Petition denied.*

GROSS and CONNER, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**