NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


FRANK J. MADERI, KENDEY          )
UNDERWOOD, JOSEPH V.             )
PIOTROWSKI and CARLOS E.         )
GUZMAN-ROIG,                     )
                                 )
          Petitioners,           )
                                 )
v.                               )          Case No.  2D20-413
                                 )
STATE OF FLORIDA,                )
                                 )
          Respondent.            )
_____  )

Opinion filed September 30, 2020.

Petition for Writ of Certiorari to the Circuit
Court for Pinellas County; Dee Anna
Farnell, Judge.

Marc F. Plotnick of Plotnick Law, P.A.,
St. Petersburg, for Petitioner Frank J.
Maderi.

Douglas J. Greenberg, St. Petersburg, for
Petitioner Kendey Underwood.

Bruce H. Denson, St. Petersburg,
for Petitioner Joseph V. Piotrowski.

Michael Braxton of Parks & Braxton, P.A.,
Miami, for Petitioner Carlos E. Guzman-
Roig.

Ashley Moody, Attorney General,
Tallahassee, and Cynthia Richards,

Assistant Attorney General, Tampa, for
Respondent.

MORRIS, Judge.

The petitioners, four military veterans charged with misdemeanor driving under the influence (DUI), seek certiorari review of trial court orders denying their motions to be accepted into the pretrial veterans' treatment intervention program in Pinellas County in compliance with section 948.16(2), Florida Statutes (2019).[1]  The trial court denied their motions on the basis that the "circuit has not created a misdemeanor pretrial veterans' intervention program as referenced in section 948.16(2)."  The petitioners seek certiorari review in this court, arguing that a 2019 administrative order established such a program in the Sixth Judicial Circuit and that the petitioners are entitled to participate in the program.

The petitioners each moved for acceptance into the pretrial veterans' treatment intervention program under section 948.16(2), which provides as follows:

> (2)(a) A veteran, as defined in s. 1.01, including a veteran who is discharged or released under a general discharge, or servicemember, as defined in s. 250.01, who suffers from a military service-related mental illness, traumatic brain injury, substance abuse disorder, or psychological problem, and who is charged with a misdemeanor is eligible for voluntary admission into a misdemeanor pretrial veterans' treatment intervention program approved by the chief judge of the circuit, for a period based on the program's requirements and the treatment plan for the offender, upon motion of either party or the court's own motion.  However, the court may deny the defendant admission into a misdemeanor pretrial veterans' treatment intervention program if the defendant has

_____

[1]After the circuit court entered the orders, it granted the petitioners' motion to consolidate the four cases for the purpose of filing a petition for writ of certiorari in this court.

> previously entered a court-ordered veterans' treatment program.
>
> (b) While enrolled in a pretrial intervention program authorized by this section, the participant shall be subject to a coordinated strategy developed by a veterans' treatment intervention team.  The coordinated strategy should be modeled after the therapeutic jurisprudence principles and key components in s. 397.334(4), with treatment specific to the needs of veterans and servicemembers.  The coordinated strategy may include a protocol of sanctions that may be imposed upon the participant for noncompliance with program rules.  The protocol of sanctions may include, but need not be limited to, placement in a treatment program offered by a licensed service provider or in a jail-based treatment program or serving a period of incarceration within the time limits established for contempt of court.  The coordinated strategy must be provided in writing to the participant before the participant agrees to enter into a misdemeanor pretrial veterans' treatment intervention program or other pretrial intervention program.  Any person whose charges are dismissed after successful completion of the misdemeanor pretrial veterans' treatment intervention program, if otherwise eligible, may have his or her arrest record of the dismissed charges expunged under s. 943.0585.[2]

(Emphasis added.)  At a consolidated hearing held on October 28, 2019, the petitioners acknowledged that their cases had been transferred to "veterans' court," which the petitioners argued includes the veterans' treatment intervention program.  But petitioners argued that they should not be required to enter a plea to the charges before participating in the program.  The petitioners argued that the statutory language provides that if the petitioners successfully complete the program, the trial court is required to dismiss the charges.

---

[2]Section 948.08(7) contains a similar provision for veterans charged with a felony.  Both provisions were enacted in 2012.  Ch. 2012-159, §§ 18, 19, Laws of Fla.

- 3 -

The parties and the court discussed the recent of case of <u>Simeone v. State</u>, 276 So. 3d 797 (Fla. 4th DCA), <u>review denied</u>, No. SC19-1430, 2019 WL 6249335 (Fla. Nov. 22, 2019), and the petitioners agreed that under that case, the trial court has discretion to allow a veteran admission into the veterans' treatment intervention program.  But the petitioners argued that consent by the State is not required.  The State, on the other hand, argued that the Sixth Circuit had not created a misdemeanor pretrial veterans' treatment intervention program.  The State argued that the "veterans' treatment court" that exists in the Sixth Circuit is not the same as a misdemeanor pretrial veterans' treatment intervention program set forth in section 948.16.[3]  The State argued that the only pretrial intervention program is the one run by

---

[3]It appears that the Sixth Judicial Circuit's veterans' court was created in 2012 or 2013 after the legislature passed section 394.47891, a general statute that provided as follows:

> The chief judge of each judicial circuit may establish a Military Veterans and Servicemembers Court Program under which veterans, as defined in s. 1.01, and servicemembers, as defined in s. 250.01, who are convicted of a criminal offense and who suffer from a military-related mental illness, traumatic brain injury, substance abuse disorder, or psychological problem can be sentenced in accordance with chapter 921 in a manner that appropriately addresses the severity of the mental illness, traumatic brain injury, substance abuse disorder, or psychological problem through services tailored to the individual needs of the participant. Entry into any Military Veterans and Servicemembers Court Program must be based upon the sentencing court's assessment of the defendant's criminal history, military service, substance abuse treatment needs, mental health treatment needs, amenability to the services of the program, the recommendation of the state attorney and the victim, if any, and the defendant's agreement to enter the program.

§ 394.47891, Fla. Stat. (2012).  Sections 948.08(7) and 948.16(2) were also added in 2012, but based on the State's arguments and the trial court's comments at the hearing,

- 4 -

the State, which does not allow DUIs. The petitioners responded by arguing that Administrative Order 2019-059, which was signed by Chief Judge Anthony Rondolino on September 24, 2019, created a veterans' treatment intervention program in the Sixth Circuit. At the conclusion of the hearing, the trial court indicated that it was persuaded by the State's argument and was inclined to find that no veterans' treatment intervention program existed in the Sixth Circuit. However, the trial court took the issue under advisement. On January 6, 2020, the trial court denied the petitioners' motions by separate written orders containing the following language:

> In his present motion, the Defendant requests that this Court permit him entry into misdemeanor pretrial veterans' treatment intervention program. However, this circuit has not created a misdemeanor pretrial veterans' treatment intervention program referenced in section 946.16(2), Florida Statutes. Therefore, the Court is unable to grant the Defendant's motion; it must be denied.

In their instant petition for writ of certiorari, the petitioners argue that Administrative Order (AO) No. 2019-059 for the Sixth Judicial Circuit created a veterans' treatment intervention program as contemplated by section 948.16(2)(a). "To obtain certiorari relief, a petitioner must demonstrate that the order departs from the essential requirements of law, that it causes material injury, and that the petitioner lacks an adequate remedy on appeal." Gincley v. State, 267 So. 3d 444, 446 (Fla. 4th DCA 2019) (quoting Dees v. Kidney Grp., LLC, 16 So. 3d 277, 279 (Fla. 2d DCA 2009)). "Preclusion from receiving the benefit of a pretrial intervention program causes

---

it appears that no veterans' treatment intervention program was implemented as part of the Sixth Circuit's veterans' court between the time that the general statute was enacted in 2012 and the date that the administrative order at issue here was entered in 2019.

irreparable harm." Id. (citing Hewlett v. State, 661 So. 2d 112, 116 (Fla. 4th DCA 1995)). The petitioners have satisfied the harm prong because if the trial court incorrectly ruled that there is no veterans' treatment intervention program, there would be no way for the petitioners to remedy the harm other than by filing this petition.

Both parties refer to Simeone, the only case that discusses a veterans' treatment intervention program, but it is not directly on point. In Simeone, a defendant charged with felonies sought to be admitted into a veterans' treatment intervention program but his admission was denied by the trial court based on the nature of his charges. 276 So. 3d at 799. The defendant filed a petition for writ of mandamus, arguing that because he satisfied the criteria under section 948.08(7), he was entitled to admission in a veterans' treatment intervention program. 276 So. 3d at 802. It should be noted that the court in Simeone used the term veterans' court and veterans' treatment intervention program interchangeably. Id.

The Fourth District held that mandamus was not the proper remedy because "a defendant who satisfies section 948.08(7)'s criteria is merely 'eligible' for, but not entitled to, admission into veterans' court, and that a judge's decision on whether to admit an eligible and willing defendant into veterans' court is a discretionary act, not a ministerial duty." 276 So. 3d at 803. The court treated the petition as a petition for writ of certiorari but denied the petition because the statute does not require the trial court to admit an eligible veteran into the program. Rather, the trial court has discretion on whether to admit an eligible veteran. The court held that the trial court had not deferred or abdicated its discretion in denying admittance to the defendant based on the nature of the defendant's charges. Id. at 805-06.

- 6 -

This case is distinguishable from Simeone.  There, the trial court denied admission into the program after exercising its discretion.  Here, the trial court did not exercise its discretion by denying the petitioners' admission into the program.  Rather, the trial court denied admission into the program after making a finding that the program does not exist in the Sixth Circuit, and it is that decision that this court must review.

The language of AO 2019-059 indicates that a veterans' treatment intervention program was created in the Sixth Circuit as contemplated by sections 948.08 and 948.16.  The first paragraph of the order states in relevant part:

> The Florida Legislature has appropriated non-recurring general revenue funds to the Sixth Judicial Circuit for the purpose of creating pretrial felony or misdemeanor veterans' treatment intervention programs in accordance with sections 948.08 and 948.16, Florida Statutes.  Ch. 2013-40, Line Item 3203. . . .  In 2019, the Florida Legislature expanded those eligible for Veteran Treatment Court in section 394.47891, Florida Statutes.

(Emphasis added.)  Ch. 2013-40, Laws of Florida, line item 3203 provides $600,000 in nonrecurring general revenue funds to Pasco and Pinellas counties "to create, pursuant to ss. 948.08(7)(a) and 948.16(2)(a), F.S., felony and/or misdemeanor pretrial veterans' treatment intervention programs."

Further, the eligibility criteria referenced in and attached to AO 2019-059 lists certain eligibility criteria if "funds appropriated in Ch. 2019-115, Line Item 3247 . . . are used to fund the veterans' treatment intervention program."  Chapter 2019-115, Laws of Florida, line item 3247 provides for Pasco and Pinellas County to each receive $150,000 "for felony and/or misdemeanor pretrial or post-adjudicatory veterans' treatment intervention program."  And the eligibility criteria attached to the order tracks the language of sections 948.16(2)(a) and 948.08(7)(a).

- 7 -

Accordingly, it is clear that "a pretrial veterans' treatment intervention program [was] approved by the chief judge of the circuit" in the Sixth Judicial Circuit by AO 2019-059, as provided for in sections 948.08(7)(a) and 948.16(2)(a). It is irrelevant that the AO used the term veterans' treatment court instead of veterans' treatment intervention program where it is clear that the order was intending to implement the veterans' treatment intervention program provided for in the statutes and funded by the legislature. See Simeone, 276 So. 3d 797 (referring to veterans' court and veterans' treatment intervention program interchangeably). Once the veterans' treatment intervention program was established by the chief judge in AO 2019-059, the petitioners were entitled to a determination by the trial court of whether they should be admitted into the program. The petitioners are charged with misdemeanors, and section 948.16(2)(a) provides that a veteran meeting the criteria "and who is charged with a misdemeanor is eligible for voluntary admission" into the program.[4] The trial court departed from the essential requirements of section 948.16(2) by denying petitioners' admission into the veterans' treatment intervention program on the basis that no such program exists when the chief judge established the program in AO 2019-059.

Petition granted; order quashed.


KELLY and SMITH, JJ., Concur.

_____

[4]The State argues that the petitioners have not established that they are eligible for the program, if one exists. However, when one of the petitioners' counsel asked to establish a record regarding the petitioners' eligibility for the program, the trial court stopped him and said that the petitioners met the criteria.